In the Matter of the Claim of ANNA FEDER, Respondent, against SAGAMORE METAL GOODS CORP. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits to the widow of deceased employee under the Workmen's Compensation Law. Decedent died from a pulmonary embolism resulting from an operation for an umbilical hernia. The award is contested on the ground that there is lacking competent evidence to support the finding of an accident, the specific claim being a lack of corroboration of hearsay statements. Decedent had filed a claim for compensation prior to his death and this claim had been disallowed on the ground of no accident and no causal relation. After his death the claim was reopened and a claim filed for death benefits. Decedent's testimony had been taken during his lifetime in connection with his claim for compensation. Upon all of the evidence there is sufficient corroboration to support decedent's hearsay statements of the accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of GERTIE COHEN, Respondent, against FRANK BUCCHERI, Doing Business as JOHN's FOOD SHOP, Respondent, STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The State Insurance Fund has appealed from an award of the State Industrial Board in favor of claimant. The sole question presented is one of coverage. On May 26, 1934, while claimant was occupied as a waitress at John's Food Shop, she was injured during the regular course of her employment. The business known as John's Food Shop was being conducted at 129 Bowery, New York city. One Urbas was the first owner of the business and he procured compensation insurance for his employees under a policy dated January 26, 1934, which covered the period from that date to January 26, 1935. Some changes occurred in the management of the business, and the employer, Buccheri, succeeded to the business about May 19, 1934. He gave notice to the insurance carrier of the fact that he had acquired the business and the insurance policy was never canceled. The Industrial Board found that the insurance policy was in effect. That determination is supported by the proof. Award unanimously affirmed, with costs to the State Industrial Board. (*Matter of Lipschitz* v. *Hotel Charles*, 226 App. Div. 839; affd., 252 N. Y. 518.) Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

DAVID FURSHPIN, Respondent, v. MONTICELLO CO-OPERATIVE FIRE INSURANCE COMPANY, Appellant, and DAVID WEINER, Respondent.— Motion for stay pending determination of appeal denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

JOSEPH L. ROBERTS, as Administrator, etc., of VIRGINIA ROBERTS, Deceased, and Others, Respondents, v. RUTLAND RAILROAD COMPANY, Appellant.— Motion for reargument denied. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.