■ KAREN F. DRUMM, Appellant, v JOHN BAINTON, Individually and Doing Business as PARTY MAKERS, et al., Respondents. [597 NYS2d 529] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered October 10, 1991 in Rockland County, which, inter alia,

granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for accidental injuries she allegedly sustained on November 7, 1986 during the course of her employment with Party Makers, a catering business operated as a proprietorship by defendants John Bainton and Stacy Gerber (hereinafter collectively referred to as defendants). In their answer defendants alleged as an affirmative defense that the relief demanded by plaintiff is barred by the Workers' Compensation Law. Defendants moved for summary judgment dismissing the complaint upon the ground, *inter alia,* that plaintiff's injuries were sustained during the course of her employment with Party Makers, Inc., a New York corporation which had in effect a policy of workers' compensation insurance at the time of plaintiff's accident. Plaintiff cross-moved for summary judgment alleging, among other things, that Party Makers, Inc., although incorporated in 1965, was dissolved by proclamation of the Secretary of State in December 1972 and that the policy of workers' compensation insurance issued to the "non-existent" corporation was void. In opposition to plaintiff's motion defendants produced the affidavit of Peter Sarno, a litigation manager for Royal Insurance Company, the insurance company which issued the policy of workers' compensation insurance to Party Makers, Inc. Sarno stated that plaintiff filed no claim for compensation benefits in connection with the injuries forming the basis for this action and indicated that Royal Insurance Company did not intend to disclaim coverage on the basis of the name of the insured or the location of the risk. Supreme Court granted defendants' motion, denied plaintiff's cross motion and dismissed the complaint. Plaintiff appeals.

We affirm. In view of defendants' evidentiary showing of a mere misstatement of the form of ownership of the insured, which had no effect upon the nature of the risk or the protection afforded covered employees, plaintiff has failed to satisfy her burden of raising a factual issue as to whether "the requisite security was not obtained" *(O'Rourke v Long,* 41 NY2d 219, 225; *see,* Workers' Compensation Law § 29 [6]; *Matter of McCarthy v Alling Personnel Corp.,* 33 NY2d 953, *revg on dissenting mem below* 39 AD2d 782; *Heifetz v Metropolitan Jewish Geriatric Ctr.,* 135 AD2d 498, 500). As to the location of the risk, we note that the insurance policy, by its express provision, covers the insured at "All" locations within New York. Accordingly, an action at common law is not available to plaintiff.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.