DOLORES R. PIGOTT et al., Respondents, *v.* BETTE FIELD, as Executrix of MONTE MEACHAM, Deceased, et al., Appellants.

First Department, June 6, 1961.

*John P. Carson* of counsel (*Lawless & Lynch,* attorneys), for appellants.

*Benjamin H. Siff* of counsel (*Gair & Gair,* attorneys), for Dolores Pigott, respondent.

*Louis G. Turen* for Joseph M. Diaz, respondent.

BOTEIN, P. J.   The defendants' present appeals, like those taken by them previously in these actions (10 A D 2d 99), pose questions concerning the effect to be given determinations of the Workmen's Compensation Board as a bar to recovery in personal injury actions.

The complaints allege that plaintiffs suffered their injuries while they were passengers in a motor vehicle owned by decedent Meacham and operated by decedent Buys with the knowledge and consent of Meacham, and that their injuries were caused by Buys' negligent driving.   Plaintiffs and decedents were on their way from New York City to perform in a play in St. Paul, Minnesota, and the accident occurred on the Pennsylvania Turnpike.

Subdivision 6 of section 29 of the Workmen's Compensation Law provides that the right to compensation or benefits under that law shall be the exclusive remedy of an employee injured by the negligence or wrong of another in the same employ. Seeking the shelter of this provision, the defendants, as executrix and administrator respectively of the estates of the decedents, interposed affirmative defenses alleging that plaintiffs and Buys were employees of, and engaged in the furtherance of their common employment by, Meacham doing business as Children's World Theatre of New York and/or Children's World Theatre Corporation; and that plaintiffs' injuries arose out of and in the course of such employment.

Plaintiffs moved to strike the defenses on the ground that the merits thereof "have been finally concluded by a Court of competent jurisdiction in favor of the plaintiffs". The present appeals are from orders granting the motions.

It is clear that the merits of the issues raised by the defenses have not been passed upon by a court. A determination of the Workmen's Compensation Board (Board) that the injuries had not arisen out of and in the course of plaintiffs' employment was appealed to the Appellate Division, Third Department, but the appeal was dismissed without consideration of the merits (11 A D 2d 615). Whether the determination in workmen's compensation is itself binding on defendants requires a consideration of the proceedings held before the Board and its Referees. Upon such consideration we have assumed that, although the defenses name the decedent Meacham as the employer, the employer was in fact Children's World Theatre Corporation, of which Meacham was an officer. Intimations in the record to that effect are amply confirmed by the record on the prior appeals which were incorporated in the present record by stipulation.

The compensation proceedings were evidently initiated by a report of injuries sent by the employer to the State Insurance Fund (Fund), its compensation insurance carrier; plaintiffs themselves filed no claims. In June, 1956, after hearings at which the plaintiffs were not present and only the Fund was represented, the Referee held the injuries compensable. In August, 1958, during the pendency of these lawsuits, application was made on behalf of plaintiffs to reopen the case in order to assert that the Board lacked jurisdiction and that the accident had not occurred in the course of employment. This application made no secret of the fact that it was motivated by the interposition of the defenses sought to be stricken. Plaintiffs' counsel stated that if the awards were permitted to stand "it may

be that serious detriment will occur to my client in that he may be bound by the Decision of the Workmen's Compensation Board.''

At the hearing on this application, in November, 1958, the representative of the Fund advisedly took no position. The law firm of Lawless & Lynch appeared for the employer and were permitted to speak in opposition. Lawless & Lynch did not represent the compensation insurance carrier, but are attorneys for the defendants in the instant litigation.

In December, 1958 the Board rescinded the Referee's decision closing the case, '' restoring it to the Referee's calendar for consideration of the issue of jurisdiction and to give all the parties an opportunity to present such evidence as they may have on said issue ''. An effort by Lawless & Lynch, on behalf of the employer, to have the rescission reviewed was dismissed on the ground that the Board's order was nonappealable (8 A D 2d 680). In April, 1959, at a hearing before a Referee in compensation at which Lawless & Lynch did not appear, testimony was taken on behalf of the plaintiffs. The representative of the Fund present at the hearing did not interrogate the witnesses; in fact, at the conclusion of the testimony he apparently joined in a motion to dismiss, since such a determination would conduce to the benefit of the Fund. The Referee ruled, however, that the Workmen's Compensation Law applied.

When the appeal from this ruling came on before the Board in September, 1959, a representative of Lawless & Lynch entered the hearing room. Asked by a member of the panel the reason for his presence, he explained that his firm represented the employer and Meacham in the instant liability action. Told by members of the panel that the employer was adequately represented by the Fund and that he would have to depend on it as far as participation in the hearing was concerned, he protested, '' our interests are adverse * * * in this Court we are in favor of the plaintiffs. We would like to see their claim enforced in compensation ''. The ruling of the Board was, '' You can remain as an observer, but you cannot participate in any argument ''. During this colloquy the Fund's representative stated, '' we are not going to oppose the claimant's application here ''. Thereafter the Board reversed the Referee's decision and disallowed the claims on the ground, as stated above, that plaintiffs did not sustain an accident arising out of and in the course of employment.

It is apparent that these proceedings were nonadversary in character with the exception of the November, 1958 hearing which was held only to decide whether the cases should be

reopened and not to determine the merits. The plaintiffs wanted the claims disallowed and the compensation insurance carrier assented. Both were acting out of evident, albeit quite proper, self-interest — the plaintiffs to remove a possible defense to their personal injury actions, and the Fund to eliminate its liability under the workmen's compensation policy. Lawless & Lynch represented the only persons who wanted the claims allowed, but they were not permitted to advance their contentions at the hearing in which the matter was finally determined.

We adopt the reasoning of *Pfeiffer* v. *McCall* (11 A D 2d 95; see, also, *Baker* v. *Matthews* [8 A D 2d 585]), where a similar defense was attacked by a plaintiff who was injured while riding in an automobile driven by defendant Dawn McCall and owned by defendant Alan McCall. Plaintiff and Dawn McCall were employees of the County of Wyoming. There, as here, the compensation proceeding had not been initiated by plaintiff and she had never filed a claim. At the hearing before the Referee, the county appeared by counsel and made no objection to the Referee's disallowance of the claim. The court struck the defense as to the county for it "had its day in court on the question of course of employment"; but it sustained the defense as to the McCalls. "No notice of the compensation hearing was ever given to the defendants McCall and they in no manner participated in the hearing. If this hearing is used as a bar against them, they will be denied an opportunity of asserting their defense without ever having their day in court on this question" (p. 96). In the instant case Lawless & Lynch, it is true, appeared at hearings and doubtless did so in the interest not only of the employer but of the defendants, but at the critical final hearing they were denied their "day in court".

Lawless & Lynch were allowed to participate at the hearing called to determine whether the case should be reopened; and since the Board restored the case to the calendar to give "all the parties" an opportunity to present evidence, we may speculate that, when the hearings before the Referee were resumed in April, 1959, Lawless & Lynch would have been allowed to participate had they attended. Had the Referee then disallowed the claims, a different problem would confront us. But we need not reach its resolution, for he allowed them. Whatever Lawless & Lynch may be deemed to have assented to by their absence, it cannot be said they assented to an ex parte hearing on an appeal from a ruling in their favor.

Accordingly, the orders granting plaintiffs' motion to dismiss the affirmative defenses should be reversed, on the facts and

the law, with costs to defendants-appellants, and the motions to strike the defenses denied.

BREITEL, MCNALLY, STEUER and BERGAN, JJ., concur.

Orders entered on February 3, 1961, granting plaintiffs' motions to dismiss the affirmative defenses, unanimously reversed, on the law, on the facts, with $20 costs and disbursements to defendants-appellants, and the motions to strike the defenses denied.