MARK ROBBINS, an Infant, by His Guardian ad Litem ALFRED ROBBINS, et al., Respondents, v. MASTER DIESEL CORPORATION et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., defendants appeal from two orders of the Supreme Court, Kings County, as follows: (1) from one order dated June 17, 1969, which granted plaintiffs' motion for partial summary judgment, i.e., to the extent of dismissing defendants' affirmative defense that the injured plaintiff's remedies are limited to that provided in the Workmen's Compensation Law; and (2) as limited by defendants' brief, from so much of the second order, dated September 29, 1969, as, upon reargument, adhered to the original decision. Appeal from order dated June 17, 1969 dismissed as academic, without costs. That order was superseded by the order which granted reargument. Order dated September 29, 1969 reversed insofar as appealed from, without costs, and plaintiffs' motion for partial summary judgment denied. The infant plaintiff filed a claim with the Workmen's Compensation Board for the injuries he sustained. The hearing Referee concluded that on the basis of the claimant's testimony at the hearing (1) there was no accident arising out of and in the course of employment and (2) the claimant had deviated from his regular work activity at the time of the accident. Accordingly, the claim was disallowed. The present defendants were not represented at that board hearing in any manner and were not given notice of the hearing. In our view, since the defendants were not parties to the proceeding before the Workmen's Compensation Board regarding the compensation claim, the determination of the board is not binding on them (cf. *Pigott* v. *Field*, 13 A D 2d 350; *Lambiase* v. *Schechter*, 22 A D 2d 648, affd. 17 N Y 2d 496). Since the board's determination is not binding on defendants and since there exist genuine fact questions as to whether the infant plaintiff's injuries were sustained during the course of employment, defendants ought to be afforded an opportunity to establish the affirmative defense that a claim for workmen's compensation is plaintiffs' exclusive remedy. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.