■ FRANK GYORY et al., Appellants, v EDWARD RADGOWSKI et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated April 29, 1981, which (1) denied their motion (a) to dismiss the defendants' second affirmative defense, (b) for summary judgment on the issue of liability, or (c) in the alternative, to restore the action to the Trial Calendar, and (2) dismissed the complaint. Order reversed, without costs or disbursements, and the matter is remitted to Special Term with instructions to refer the case to the Workers' Compensation Board for a factual hearing to determine whether plaintiff Frank Gyory has a viable third-party action. This is a negligence action brought to recover damages for personal injuries sustained by the plaintiff husband, Frank Gyory, as a result of an automobile accident which occurred on August 28, 1973, in Dayton, Ohio, and for loss of services, society and consortium claimed by the plaintiff wife, Marianne Gyory. The complaint, verified October 15, 1973, alleges that the plaintiff husband was a passenger in a vehicle operated by the defendant Edward Radgowski and owned by the defendant Hertz Corporation, and that the vehicle was caused to leave the road and strike a pole. Defendants' answer, as amended, interposed a general denial and two affirmative defenses: (1) application of the Ohio guest statute, limiting the liability of the owner and operator of an automobile to liability for gross negligence only; and (2) invocation of the Workers' Compensation Law as plaintiffs' exclusive remedy, on the ground that plaintiff Frank Gyory and defendant Radgowski were coemployees acting within the scope of their employment at the time of the accident. By notice of motion dated March 1, 1974, plaintiffs moved for an order dismissing both affirmative defenses. With respect to the defense of workers' compensation, plaintiff Frank Gyory explained that he was employed as an engineer by Fairchild Republic Company of Farmingdale, New York; that on August 28, 1973, he flew to Dayton in connection with his employment in order to attend a conference scheduled for that afternoon; that he intended to fly back to New York the same evening, but discovered in the early afternoon that he could not accomplish as much as he had anticipated and therefore continued the conference for the following day; that at the conference he coincidentally met a coemployee, defendant Edward Radgowski, who was there for a business purpose other than the plaintiff's conference; that on the evening of August 28, he and Radgowski drove, in their respective cars, to a motel to stay overnight; that they decided to have dinner together, and defendant Radgowski took his car because he knew the location of the restaurant; that they did not discuss work during dinner; and that the accident occurred on the trip back to the motel. According to an examination before trial of defendant Radgowski, the car that he was driving had been rented by his employer in Radgowski's name; that Radgowski, employed as a ground tester by Fairchild, had arrived in Dayton on August 27; that he attended the conference on August 28; that he had worked with the plaintiff on some

projects; and that work was discussed during dinner. Attached to the opposition papers was a sworn affidavit of the supervisor of workers' compensation claims for the Fireman's Fund American Insurance Co., stating that the company had issued a workers' compensation policy to Fairchild; that the company received a claim from Fairchild concerning the August 28 accident; that the company did not controvert the claim, but commenced, on September 7, 1973, the issuance of checks payable to plaintiff Frank Gyory representing compensation payments; and that all of these checks were subsequently returned to the company by said plaintiff without being cashed. In a memorandum decision dated September 24, 1974, Justice Lazer, then sitting at Special Term, held that the motion to dismiss should be granted as to the defendants' first affirmative defense concerning the Ohio guest statute, but denied as to the workers' compensation defense. On appeal (*Gyory v Radgowski,* 48 AD2d 832, 832-833), this court affirmed the denial of the motion to dismiss the workers' compensation defense stating: "Since the record in the case at bar does not make clear Fairchild's instructions to its employees relating to their activities in Ohio and, more specifically, whether plaintiff Frank Gyory's decision to extend the conference an extra day was expressly or impliedly authorized, Special Term properly found that the question of whether workmen's compensation is the exclusive remedy must await a determination after trial." In a decision dated January 22, 1975, the plaintiff husband's claim for disability benefits was denied based upon a referee's finding that the "accident and the resulting injuries arose out of and during the course of his employment." This determination was affirmed by a panel of three members of the New York State Workers' Compensation Board on November 5, 1976. This case was reached for trial at the Supreme Court, Suffolk County, before Justice Orgera in July of 1979. On July 3, 1979, after the parties had opened to the jury, the trial court *sua sponte* declared a mistrial and struck the action from the Trial Calendar with leave to the plaintiffs to "make a motion to amend [their] pleadings and to restore the action to the calendar after a proper proceeding before the Workmen's Compensation Board has determined the threshold issues that would grant this Court the right to try the tort liability aspect of this case." In a letter dated August 13, 1979, the attorney for the plaintiffs requested that the board set the matter down for a hearing to review the decision made after the original disability benefits hearing of September 8, 1976. The letter asserted that: "Since that hearing, a considerable amount of new evidence had been ascertained, and on behalf of the claimant, we wish to produce that evidence before the board. We desire that the original decision be rescinded and that a determination be made as to the benefits to which this claimant may be entitled. It was then, and continues to be, our position that the claimant was not in the course of his employment at the time of his accident." By resolution dated May 20, 1980, the Workers' Compensation Board accepted the matter for full board review, rescinded the decision of November 5, 1976, without prejudice, and referred the matter to its Trial Calendar for the purpose of determining whether the accident arose out of and in the course of employment. On December 5, 1980, a hearing was held. Represented at the hearing were the plaintiffs, the disability carrier, and the employer and its carrier. The plaintiff husband was asked if he wanted to make a compensation claim. When he responded that he did not, the case was closed. By notice of motion dated January 12, 1981, plaintiffs moved for an order (a) dismissing defendants' second affirmative defense, (b) granting the plaintiffs summary judgment on the issue of liability, or (c) in the alternative, restoring the case to the Trial Calendar. The plaintiffs now appeal from the denial of that motion and dismissal of the complaint by order dated April 29,

1981 (Orgera, J.). Where an employee incurs injury which arises out of or in the course of his employment, his exclusive remedy is a claim for workers' compensation (Workers' Compensation Law, §§ 11, 29; *Shanahan v Monarch Eng. Co.,* 219 NY 469; *Williams v Hartshorn,* 296 NY 49). Thus, "the unavailability of workmen's compensation benefits or insurance for compensation benefits is a matter integral to plaintiff's cause of action, and, as such, must be alleged and proved by the tort plaintiff" (*O'Rourke v Long,* 41 NY2d 219, 226; see, also, *Murray v City of New York,* 43 NY2d 400, 407). From the foregoing facts it is clear that the plaintiffs have not met the burden of alleging and proving the unavailability of workers' compensation benefits required under the rule in *O'Rourke v Long (supra).* The plaintiffs argue, however, that *O'Rourke* is inapplicable to the case at bar. We do not agree. In view of the facts presently before the court, it cannot be said that hardship or injustice would result from applying the *O'Rourke* decision retroactively. The plaintiff husband had a hearing before a referee with respect to whether his injury arose out of and in the course of his employment. A three-member panel reviewed the referee's determination. Further, the plaintiff husband had the opportunity for a new determination on the issue at a hearing before a workers' compensation Judge on December 5, 1980. However, the plaintiff husband failed to pursue the issue and acquiesced to the closing of the case without a review of whether he was in the course of his employment at the time he incurred his injuries. Other than in cases in which waiver of the workers' compensation defense is an issue (see *Murray v City of New York, supra,* p 407), the extent of the trial courts' jurisdiction to determine the applicability of workers' compensation depends upon whether the issue is one of fact, law or a mixed question of fact and law. When the question is purely one of fact, the Workers' Compensation Board has exclusive jurisdiction over the issue and it is only when the issue involves statutory construction that the trial court may hear the issue (see *Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 541; *O'Rourke v Long, supra,* pp 224-225; *O'Connor v Midiria,* 55 NY2d 538). The problem that has arisen in this case, with respect to a determination of whether plaintiff Frank Gyory has a valid third-party action, or is relegated to a workers' compensation claim, is the intransigence of said plaintiff. At the outset he decided that he had a valid negligence action against defendants and had never altered his position in any degree. Thus, shortly after the occurrence, he refused compensation payments and returned checks sent to him by his employer's compensation insurance carrier. He has repeatedly moved to strike the defendants' affirmative defense of workers' compensation. Finally, when the matter did come on before a compensation trial examiner to determine this question, the plaintiff husband was asked if he wished to make a compensation claim and answered that he did not, and, as a result, the hearing was closed. The trial examiner simply let him make his own determination on the question, and this was error. The case should be referred back to the Workers' Compensation Board to hold a factual *hearing* at which evidence will be received, and upon which the board can make a reasoned, factual determination as to whether Frank Gyory has a valid third-party action or whether he is relegated to benefits under the Workers' Compensation Law. If the board should determine that the plaintiff husband was not in the course of his employment when the accident occurred, then the plaintiffs' motion to strike the second affirmative defense and to restore the case to the Trial Calendar should be granted. In the event the board determines, after a factual hearing, that the plaintiff was in the course of his employment when the accident occurred, the action should be dismissed and plaintiff Frank Gyory may pursue his workers' compensation claim, if he be so advised. In view of the long and

troubled history of this litigation, the parties are directed to proceed with all reasonable dispatch to follow the court's direction herein. Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.