■ JANET PECKHAM, as Executrix of JOHN S. PECKHAM, Deceased, Respondent, v PECKHAM MATERIALS CORP., Appellant. — In an action to recover damages for wrongful death, defendant appeals from an order of the Supreme Court, Westchester County (Burchell, J.), entered March 17, 1983, which granted plaintiff's motion for partial summary judgment striking the affirmative defense of workers' compensation from defendant's answer. ¶ Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, with the direction to defer disposition of plaintiff's motion for partial summary judgment striking the affirmative defense of workers' compensation from defendant's answer until final resolution of a prompt application to determine the rights, if any, of plaintiff to benefits under the provisions of the Workers' Compensation Law. ¶ Plaintiff's decedent, John S. Peckham, was killed while a passenger in a helicopter owned and operated by his employer, the defendant Peckham Materials Corporation. Prior to his death, decedent was president and chairman of the board of directors of the company. At the time of the crash, the helicopter was transporting the decedent from a golf outing and dinner. In this action, plaintiff claims that the accident was caused by the negligence of the helicopter pilot, a company employee. ¶ The only issue on this appeal is whether Special Term properly struck the affirmative defense of workers' compensation from defendant's answer. If the decedent's death arose out of or in the course of his employment, workers' compensation would be the exclusive remedy (Workers' Compensation Law, §§ 11, 29). There should be a reversal. ¶ In *O'Rourke v Long* (41 NY2d 219), the Court of Appeals held that the Workmen's (now Workers') Compensation Board has been vested with primary jurisdiction concerning determinations as to the applicability of compensation benefits and that it is inappropriate for the courts to express views with respect thereto pending the board's determination. "[W]here the availability of [workers'] compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (*O'Rourke v Long, supra,* p 228; see, also, *Botwinick v Ogden,* 59 NY2d 909; *Gyory v Radgowski,* 89 AD2d 867). ¶ An employer's report of injury was filed in this case and the decedent's estate apparently filed a workers' compensation claim, although the estate withdrew the claim before the Workers' Compensation Board made any determination. In any event, the pendency of such an application is irrelevant to the board's primary jurisdiction in such matters (see *Botwinick v Ogden, supra; Gyory v Radgowski, supra*). To the extent that the decision of the Appellate Division, First Department, in *Takacs v Food Stop Markets* (61 AD2d 917) may be to the contrary, we find that it has been implicitly overruled by *Botwinick v Ogden* (*supra*). ¶ Following the procedure outlined by the Court of Appeals in *Botwinick v Ogden* (*supra*), we remit the matter to Special Term with directions to defer disposition of the motion until final resolution of a prompt application to the Workers' Compensation Board to determine the rights, if any, of plaintiff to benefits under the provisions of the Workers' Compensation Law. Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.