OPINION OF THE COURT
Titone, J.
The issue posed is whether a determination made in a workers’ compensation proceeding that a worker did not sustain injuries in the course of employment binds those defendants in a liability suit who were not parties to the compensation proceeding. We hold that it does not.
Plaintiff Bernice Liss had been employed by Major Watch Case Co. (Major) for 35 years. For the past 20 of those years, defendant Fuld, president of the company, picked up Liss at her home and transported her to work on most days in an automobile leased by Major from Trans Auto Systems, Inc. (Trans Auto) and Holiday Auto Lease Ltd. (Holiday). On October 22, 1981, during their regular ride to work, Fuld lost control of the car. In the resulting collision with a train pillar, plaintiff sustained severe injuries including a broken hip.
This action was commenced against Fuld, Trans Auto and Holiday. Major is not a party. In their answers, defendants asserted the affirmative defense of workers’ compensation coverage, arguing that the accident arose out of and in the course of plaintiff’s employment (Workers’ Compensation Law § 10 [1]). Defendants’ liability carrier denied no-fault benefits on this basis as well. The parties took no action with respect to the suit, pending the resolution of workers’ compensation proceedings.
A preliminary hearing was conducted before a workers’ compensation Judge at which plaintiff and Fuld testified. The attorneys for plaintiff, the workers’ compensation carrier and the no-fault carrier each actively participated. At the conclusion of the hearing, the Judge determined that there might be sufficient evidence to support a finding that the accident arose out of and in the course of employment. He recommended that plaintiff file a formal claim with the Workers’ Compensation Board and that a full hearing be held on the issue. Thereafter, plaintiff filed her claim.
At the ensuing hearing, plaintiff and Fuld were again the only witnesses. Only plaintiff’s attorney and the attorney for the workers’ compensation carrier were allowed to participate. An attorney for the no-fault carrier was present but was permitted only to observe.
*19 Plaintiffs testimony established that she had been employed by Major for 35 years and that for the past 20 she had been driven to work by Fuld 80-85% of the time. She stated on cross-examination that she had no contractual arrangement with regard to the ride, that Fuld would pick her up on his way to work, and that she was carrying no work-related material on the day of the accident. Fuld testified that he had worked for Major for 20 years. He stated that about 18 years ago, he had begun driving plaintiff to work for the convenience of the company and that he has continued to do so 98-99% of the time.
As a result of the evidence presented at the hearing, the workers’ compensation Judge found that the accident did not arise out of and in the course of plaintiffs employment. The Board, therefore, closed the case (Workers’ Compensation Law § 25 [3] [b]) and the parties returned to the judicial forum.
Defendants then made a motion for summary judgment of dismissal (CPLR 3212) in this action, based upon the testimony at the workers’ compensation hearing and at the examinations before trial. They argued that the evidence conclusively proved that the accident arose out of and in the course of plaintiffs employment. Plaintiff made a cross motion to strike the affirmative defense of workers’ compensation coverage, contending that defendants should be precluded from asserting this position because of the workers’ compensation determination. Special Term denied both motions reasoning that summary judgment was inappropriate because the employment question raised factual issues and that defendants could not be precluded from relitigating an issue decided at a hearing in which they were not allowed to participate. That order was not appealed.
Eight months later, plaintiff made a motion to vacate the order (CPLR 5015 [a] [4]) "on the ground that it exceeded the reaches of the Court’s subject matter jurisdiction” and to strike the affirmative defense or, in the alternative, for an order granting leave to renew plaintiffs motion to strike the affirmative defense on the ground that questions of the availability of workers’ compensation are within the exclusive jurisdiction of the Workers’ Compensation Board. While Special Term stated that the motion was an untimely attempt to reargue the earlier motion, the court decided to recall its decision sua sponte in the interest of justice, and dismissed the affirmative defense of workers’ compensation coverage on the *20 ground that only the employer could raise that defense. Defendants appealed.
The Appellate Division, First Department, affirmed on different grounds. All parties had agreed that the defense of workers’ compensation is available to defendants other than the employer (Heritage v Van Patten, 59 NY2d 1017; Naso v Lafata, 4 NY2d 585; Rauch v Jones, 4 NY2d 592; Compensation — Co-Employee’s Liability, Ann., 21 ALR3d 845, 868-871; see also, Kenny v Bacolo, 61 NY2d 642). The court reasoned that O’Rourke v Long (41 NY2d 219) and its progeny led to the conclusion that a finding of compensability or noncompensability by the Workers’ Compensation Board, the body charged with exclusive jurisdiction over factual issues upon which compensation depends, was final as to all parties to a civil suit evolving from the same accident. The dissent protested, first, that the untimely motion should not have been entertained at all and, second, that defendants could not be precluded from asserting a position they were never allowed to litigate. The Appellate Division granted leave to appeal and certified the following question: "Was the order of Supreme Court, as affirmed by this Court, properly made?”
Initially, it should be noted that, regardless of statutory time limits concerning motions to reargue, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action (Aridas v Caserta, 41 NY2d 1059, 1061; Hudson City Sav. Inst. v Burton, 99 AD2d 871, 872, appeal dismissed 62 NY2d 801). The Special Term Judge’s sua sponte decision to rescind his prior order was not an abuse of this discretionary power as a matter of law.
The remaining issue calls for analysis of the interplay between the concepts of jurisdiction and issue preclusion. On the one hand, the Workers’ Compensation Board has been said to be vested with primary jurisdiction over factual issues concerning compensation coverage. On the other hand, no one should be precluded from relitigating those issues in a court of law who has not had the opportunity to participate in the compensation hearing. We conclude that the Workers’ Compensation Board has primary jurisdiction, but not necessarily exclusive jurisdiction, in factual contexts concerning compensability.
In O’Rourke v Long (41 NY2d 219, 228, supra), we held that "where the availability of workmen’s compensation hinges upon the resolution of questions of fact or upon mixed ques *21 tians of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions”. The Workers’ Compensation Board thus has primary jurisdiction over the issue of the availability of coverage (Botwinick v Ogden, 59 NY2d 909, 911; Peckham v Peckham Materials Corp., 102 AD2d 884), and a plaintiff has no choice but to litigate this issue before the Board (Cunningham v State of New York, 60 NY2d 248, 252; McMillan v Notre Dame Residence Club, 33 Misc 2d 948, 951). If a plaintiff fails to do so, the court should not express an opinion as to the availability of compensation but remit the matter to the Board (ORourke v Long, supra; Gyory v Radgowski, 89 AD2d 867, 869). The Board must be given an opportunity to find plaintiff’s injuries the result of a compensable accident. The compensation claim is a jurisdictional predicate to the civil action (O’Rourke v Long, supra, at p 226; McMillan v Notre Dame Residence Club, supra, at p 951).
The Board’s decision finally determines the controversy between the parties to the hearing (Workers’ Compensation Law § 23; Werner v State of New York, 53 NY2d 346) who are normally the injured employee and the employer or his workers’ compensation carrier (Workers’ Compensation Law §25 [3] [a]). Thus, any party to the hearing who had the required notice and opportunity to be heard (Workers’ Compensation Law § 25 [3] [b]) will be precluded from relitigating issues necessarily decided by the administrative Judge (O’Connor v Midiria, 55 NY2d 538, 541; Werner v State of New York, supra; see, Restatement [Second] of Judgments § 27). As workers’ compensation is an exclusive remedy (Workers’ Compensation Law § 11), a determination by the Board that a plaintiff is entitled to compensation effectively precludes plaintiff from pursuing a civil remedy for his injuries even against defendants who were not parties to the hearing (O’Rourke v Long, supra, at pp 227-228; Gyory v Radgowski, supra). If, however, the Board finds the injuries outside the purview of the Workers’ Compensation Law, the employer who participated in the administrative hearing may not assert the affirmative defense of compensation coverage in the ensuing civil action (O’Rourke v Long, supra, at p 228; Gyory v Radgowski, supra, at p 869).
A more complex tug of policies presents itself when the Board finds the injuries not compensable and plaintiff seeks redress from a defendant who was not a party to the hearing. Plaintiff, having been forced to litigate the availability of compensation once, understandably wishes the determination *22 of the Board to be final against the world. Defendant, not having had an opportunity to contest the issue, would like the court to address it de nova.
Here, defendants had no possible enforceable interest in a workers’ compensation award and, therefore, were not parties in interest in the compensation case (Matter of Roa v American Tr. Ins. Co., 96 AD2d 609, appeal dismissed 60 NY2d 860; Lotito v Salt City Playhouse, 66 AD2d 437, 439; Sands & Lamel, Insurance Law, 31 Syracuse L Rev 323, 327). It was not an abuse of the compensation Judge’s discretion to preclude participation by defendants at the hearing. Unless the Legislature expands the definition of parties in interest, the unfortunate result will be that a duplicative proceeding must be held and the issue of compensability adjudicated anew because defendants never had a "full and fair opportunity” to litigate the question (Kaufman v Lilly & Co., 65 NY2d 449, 455; Ryan v New York Tel. Co., 62 NY2d 494, 501; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17; Schwartz v Public Administrator, 24 NY2d 65, 72; Pielemeier, Due Process Limitations on the Application of Collateral Estoppel Against Nonparties to Prior Litigation, 63 BU L Rev 383).
It is clear that where a defendant was not afforded an opportunity to cross-examine witnesses or present evidence at the prior hearing, the outcome of the hearing cannot have preclusive effect on that party (Ryan v New York Tel. Co., supra; Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 486-487; Schwartz v Public Administrator, supra; Lambiase v Schechter, 17 NY2d 496, affg 22 AD2d 648, 649; Matter of Kane v City of Binghamton, 62 AD2d 1122, 1125; Pfeiffer v McCall, 11 AD2d 95, 96; see, Schroeder, Relitigation of Common Issues: The Failure of Non-Party Preclusion and an Alternative Proposal, 67 Iowa L Rev 917). It is of no moment that defendant Fuld testified at the hearing when he had no control over the direction of his own testimony, no opportunity to cross-examine, and no counsel to guide him (Matter of Kasten v Zoning Bd., 47 AD2d 766; but see, Marlowe v Michael Moise, Inc., 40 AD2d 598). It follows that since genuine questions of fact appear to exist as to the connection between plaintiff’s accident and her employment, defendants should be afforded the opportunity to prove the affirmative defense of compensation coverage (Kimbrough v C. F. L. Dev. Corp., 80 AD2d 737; Robbins v Master Diesel Corp., 34 AD2d 1021).
Furthermore, just as in Pigott v Field (13 AD2d 350), *23 defendants were the only parties who would have favored a finding of compensability at the hearing. Plaintiff and the compensation carrier were of one mind on that issue. Thus, quite apart from defendants’ inability to participate in the hearing, there is another reason to deny issue preclusive effect. The prior hearing was nonadversarial in nature and defendants’ point of view was never presented (Ryan v New York Tel. Co., 62 NY2d 494, 501, supra; Schwartz v Public Administrator, 24 NY2d 65, 72, supra; Pigott v Field, supra).
While a separate judicial determination on the issue of whether plaintiff’s injuries occurred during the course of her employment may lead to an inconsistent result, plaintiff is not without a remedy. Pursuant to Workers’ Compensation Law § 123, she may seek to reopen her case before the Board for a new determination within seven years of the date of the accident (Cunningham v State of New York, 60 NY2d 248, 253, supra; O’Connor v Midiria, 55 NY2d 538, 541, supra; Werner v State of New York, 53 NY2d 346, 352, n 2, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiffs’ motion to strike the affirmative defense of workers’ compensation denied and the question certified answered in the negative.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur.
Order reversed, etc.