OPINION OF THE COURT
Norman C. Ryp, J.
Plaintiffs, Bernice Liss and Kalman Liss, move for an order placing this action on an inactive status so that they may apply to invoke the jurisdiction of the Workers’ Compensation (W.C.) Board and obtain a hearing before that body on the issue of W.C. coverage.
This action arose out of an October 22, 1981 automobile accident during a regular ride to work in which plaintiff, Bernice Liss, was injured when a car driven by Kenneth Fuld, *198 president of her employer company, Major Watch Case Co., collided with a train pillar. The defendants in the action herein raised the affirmative defense of workers’ compensation coverage, contending that the collision arose out of and in the course of plaintiff’s employment.
After a W.C. Judge’s recommendation, plaintiff, Bernice Liss, filed a formal claim with the Workers’ Compensation Board and a full hearing was held during which only the plaintiff’s attorney and the workers’ compensation insurance carrier participated. The Workers’ Compensation Board closed the case after the W.C. Judge found that the accident did not arise out of and in the course of plaintiff’s employment. Defendant then made a CPLR 3212 motion for summary judgment in Special Term of this court. That motion and plaintiff’s cross motion to strike the affirmative defense of workers’ compensation were both denied. The court reasoned "that summary judgment was inappropriate because the employment question raised factual issues and that defendants could not be precluded from relitigating an issue decided at a hearing in which they were not allowed to participate.” (Liss v Trans Auto Sys., 68 NY2d 15, 19 [1986].)
Plaintiff moved pursuant to CPLR 5015 (a) (4), eight months after Special Term’s order, to vacate asserting that the order exceeded the court’s subject matter jurisdiction, and to strike the affirmative defense; or, in the alternative, for an order granting leave to renew plaintiff’s motion to strike the affirmative defense "on the ground that questions of the availability of workers’ compensation are within the exclusive jurisdiction of the Workers’ Compensation Board.” (Supra, at 19.) The court held that the renewal motion was untimely but decided to recall its order sua sponte, dismissing the defense of workers’ compensation stating that the affirmative defense was available only to the plaintiff’s employer.
On appeal, the Appellate Division, First Department, affirmed stating that "[w]hile the rationale relied upon by Special Term was concededly in error (Naso v Lafata, 4 NY2d 585; Rauch v Jones, 4 NY2d 592), we believe that defense was properly stricken but for different reasons.” (Liss v Trans Auto Sys., 109 AD2d 430, 431 [1st Dept 1985].) The Appellate Division reasoned that since it is the- exclusive jurisdiction of the W.C. Board to determine the issue of whether a particular incident arose out of and in the course of employment (see, O'Rourke v Long, 41 NY2d 219 [1976]), and that because an unmodified and unreversed determination had been made by *199 that Board that the accident at issue was not in the course of employment, the affirmative defense of workers’ compensation must be stricken.
The Court of Appeals reversed concluding that while the W.C. Board has primary jurisdiction in determining factual issues concerning compensation coverage, it does not necessarily have exclusive jurisdiction for "no one should be precluded from relitigating those issues in a court of law who has not had the opportunity to participate in the compensation hearing.” (Liss v Trans Auto Sys., supra, 68 NY2d, at 20.)
Referring to its decision in O’Rourke v Long (supra), the Court of Appeals reiterated that plaintiff must litigate factual issues or mixed questions of law and fact before the W.C. Board. (See, O’Rourke v Long, supra; Cunningham v State of New York, 60 NY2d 248, 252 [1983]; Botwinick v Ogden, 59 NY2d 909 [1983].) It is only when a question involves a purely statutory construction that the trial court has primary jurisdiction. (See, Maines v Cronomer Val. Fire Dept., 50 NY2d 535 [1980].) Therefore, before any civil action is commenced by an employee, "[t]he Board must be given an opportunity to find plaintiff’s injuries the result of a compensable accident.” (Liss v Trans Auto Sys., supra, 68 NY2d, at 21.)
The W.C. Board’s determination that plaintiff’s accident did not arise out of the course of her employment is dispositive as to the injured employee and her employer or its workers’ compensation carrier. They are the only parties who had the required notice and opportunity to be heard.
Plaintiff in this motion suggests that the Board make a de novo determination in a hearing that would include all the defendants herein, so that the defendants may be afforded the required opportunity to cross-examine witnesses or present evidence before that body, allowing the W.C. Board to make a final determination on the facts as to all parties. While such an action might appear at first glance to promote justice and judicial economy, it is contrary to law. Pursuant to Workers’ Compensation Law § 23, only those "parties in interest” may be active participants in a workers’ compensation hearing. Because the defendants herein have no enforceable interest in the W.C. Board award, they are not parties in interest in the workers’ compensation case. (Liss v Trans Auto Sys., supra, 68 NY2d, at 22; see also, Matter of Roa v American Tr. Ins. Co., 96 AD2d 609 [3d Dept], appeal dismissed 60 NY2d 860 [1983].) Thus, following the mandate of the Court of Appeals herein, it *200 is imperative that the defendants be afforded an opportunity to cross-examine witnesses or present evidence on the factual issues of workers’ compensation coverage in a separate judicial determination before any preclusive effect on said defendants. (Ryan v New York Tel. Co., 62 NY2d 494 [1984].)
Accordingly, plaintiff’s motion to place this case on an inactive status is granted only to the extent of directing that the issue of workers’ compensatin coverage as against defendants herein be referred to the Office of Legal Support to assign a Referee, who shall hear and report, with recommendations, holding in abeyance the final disposition of this motion and this action.
Counsel are directed to file a conformed copy of this order with the Office of Legal Support, Room 311, 60 Centre Street, New York, New York, within five court days after publication hereof for the purpose of obtaining a calendar date.
So ordered.