■ ESTELLE HEIFETZ et al., Respondents, v METROPOLITAN

JEWISH GERIATRIC CENTER, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated March 18, 1987, which denied its motion to stay the action pending a determination by the Workers' Compensation Board.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for a stay of the action pending a determination by the Workers' Compensation Board as to whether the defendant was the female plaintiff's employer on September 14, 1984, is granted.

The instant action was commenced by the plaintiffs to recover damages sustained by the female plaintiff on September 14, 1984, while she was working at the defendant's premises. The defendant's answer contained the following defense: "This lawsuit is barred by reason of the provisions of the Workman's [sic] Compensation Law which provides that the only remedy for the plaintiff is Workman's [sic] Compensation". A year after commencing the action, the female plaintiff filed for workers' compensation benefits, and in connection therewith, alleged that Olsten's Temporary Services (hereinafter Olsten's), which referred her to the defendant, was her employer on the day of the accident. A hearing was held before the Workers' Compensation Board (hereinafter the Board), at which time only the female plaintiff and an attorney for Olsten's were present. The defendant was never given notice of, nor did it participate in, the hearing before the Workers' Compensation Board, which ultimately determined, by a decision on November 6, 1985, that Olsten's had been the female plaintiff's employer on September 14, 1984.

By notice of motion dated January 5, 1987, the defendant moved to stay the instant action "pending determination by the Workers' Compensation Board as to whether the defendant is plaintiff's employer". In support of the motion, the defendant submitted excerpts from the female plaintiff's examination before trial which indicated that on the day of the accident she worked for the defendant performing whatever duties were required of her by her supervisor at the defendant's place of business. The defendant argued that the action should be stayed and that the female plaintiff be directed to litigate the issue of whether she was in the employ of the defendant on the day of the accident before the Board, which had the primary jurisdiction over the issue.

The Supreme Court denied the defendant's motion, stating inter alia: "In Liss v. Trans Auto Systems, Inc., 68 NY2d 15

(1986), the New York Court of Appeals held that a determination made in a Workers' Compensation proceeding does not bind those defendants who were not parties to the compensation proceeding. This means that the instant defendant, since it did not have the opportunity to cross-examine witnesses or present evidence at the hearing, should be afforded the opportunity, at trial, to prove the affirmative defense of the exclusivity of Worker's Compensation coverage contained in its Answer since genuine questions of fact appear to exist as to the connection between plaintiff's accident and the identity of her employer at that time".

In our view, the Supreme Court erred in denying the defendant's motion.

It is well settled that the Board has the primary jurisdiction to determine the applicability of the Workers' Compensation Law when a plaintiff brings a common-law action against one who may be his employer and "it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911; O'Rourke v Long, 41 NY2d 219; Gyory v Radgowski, 89 AD2d 867; Smalls v Kaufmann, 112 AD2d 986). Here, as in Gyory v Radgowski (supra, at 869) "[t]he case should be referred back to the Workers' Compensation Board to hold a factual hearing at which evidence will be received, and upon which the board can make a reasoned, factual determination as to whether [the plaintiff] has a valid * * * action or whether [she] is relegated to benefits under the Workers' Compensation Law". Moreover, it cannot be argued that the defendant is bound by the Board's prior determination, i.e., that the plaintiff was only employed by Olsten's on the day of the accident, since the defendant neither received notice of, nor appeared in, that compensation proceeding (see, Liss v Trans Auto Sys., 68 NY2d 15).

Finally, we also note that the Supreme Court erred when it concluded that payment of workers' compensation is an affirmative defense. It is well settled that it is the plaintiff's burden to plead and prove the nonavailability of workers' compensation benefits or coverage in a civil action (O'Rourke v Long, supra, at 226). As the Court of Appeals has stated (O'Rourke v Long, supra, at 226): "Although it may be first asserted in the answer by way of defense, or affirmative defense, the issue of compensation exclusivity is to be pleaded and proved by the plaintiff and the omission of the plaintiff to so plead does not work to shift the burden of pleading or

proving." Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.