■ PABLO REYNOSO, Respondent, v KENSINGTON MANAGEMENT SERVICES, INC., et al., Appellants.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 1, 1990, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, only to the extent of granting that part of the motion relating to defendant New Heights and dismissing the complaint as against it and, as so modified, the order is otherwise affirmed, without costs.

In this personal injury action by plaintiff against the owner, New Heights, and the managing agent, Kensington, of the Washington Heights apartment building where he was employed as the superintendent, there are questions of fact presented as to whether Kensington was plaintiff's special employer or that it had notice of the alleged defect in the fire escape ladder. New Heights, however, is clearly entitled to dismissal of the complaint as barred by the Workers' Compensation Law inasmuch as plaintiff and New Heights were parties to a Workers' Compensation Board hearing at which it was held that New Heights was plaintiff's employer. It is well settled that the Board's decision is determinative of the issue, thus precluding any party to the hearing, who had the required notice and opportunity to be heard, from relitigating such issue. (Liss v Trans Auto Sys., 68 NY2d 15, 21.) Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.