■ Roy Mohn, Respondent, v Joni Smith et al., Appellants. [706 NYS2d 727] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 6, 1998, as, upon granting their motion for reargument and/or renewal, adhered to a prior order of the same court, dated April 28, 1997, denying their motion for

summary judgment dismissing the complaint on the ground that the plaintiff's exclusive remedy was Workers' Compensation benefits, and referring the matter to the Workers' Compensation Board for a hearing to determine whether the plaintiff was injured during the course of his employment.

Ordered that the order dated October 6, 1998, is modified by (1) deleting the provision thereof adhering to so much of the order dated April 28, 1997, as referred the matter to the Workers' Compensation Board for a hearing as to the defendant John Bosch, Inc., and substituting therefor a provision vacating that portion of the order dated April 28, 1997, and (2) adding a provision thereto stating that, upon searching the record, the affirmative defense of the exclusivity of the Workers' Compensation Law insofar as asserted on behalf of the defendant John Bosch, Inc., is dismissed; as so modified, the order dated October 6, 1998, is affirmed insofar as appealed from, without costs or disbursements.

In January 1994 the plaintiff was struck by a vehicle owned by the defendant John Bosch, Inc. (hereinafter Bosch) and driven by the defendant Joni Smith. In May 1994 he commenced this negligence action to recover damages for personal injuries. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's exclusive remedy was Workers' Compensation benefits. The defendants argued that the accident occurred in a bus yard operated by Bosch while both the plaintiff and Smith were engaged in their employment with Bosch. The defendants argued in the alternative that the matter should be referred to the Workers' Compensation Board for a hearing.

In opposition to the motion, the plaintiff asserted that the Workers' Compensation Board had already considered the matter and, by determination dated April 21, 1994, had dismissed the plaintiff's claim on the ground that his injuries did not arise out of and in the course of his employment.

In reply, the defendants argued, *inter alia*, that they were not parties to the Workers' Compensation proceedings and, therefore, were not bound by the determination of the Workers' Compensation Board. Further, they argued, based on the evidence before the court, it could be determined as a matter of law that the plaintiff's injuries arose out of and in the course of his employment and, accordingly, the complaint should be dismissed (*see,* Workers' Compensation Law §§ 11, 29 [6]).

In the order appealed from, the Supreme Court, in effect, granted the defendants' motion for reargument and/or renewal, and upon reargument and/or renewal, adhered to its determi-

nation in a prior order denying the defendants' motion for summary judgment dismissing the complaint and referring the matter to the Workers' Compensation Board for a hearing. We modify.

On the record presented, including, *inter alia*, various admissions by Bosch, we find, as a matter of law, that Bosch was the plaintiff's employer and a party to the proceedings before the Workers' Compensation Board. Thus, Bosch is bound by the Board's determination that the plaintiff's injuries did not arise out of and in the course of his employment (*see, Liss v Trans Auto Sys.*, 68 NY2d 15; *Heifetz v Metropolitan Jewish Geriatric Ctr.*, 135 AD2d 498). Consequently, Bosch's affirmative defense that the plaintiff's claim as against it is barred by the exclusivity of the Workers' Compensation Law must be dismissed (*see,* Workers' Compensation Law § 11).

Smith was not a party to the proceedings before the Workers' Compensation Board and, therefore, is not bound by the Board's determination (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, *supra*). However, although Smith proffered prima facie evidence that the plaintiff was, in fact, injured in the course of his employment (*see, e.g., Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813), dismissal of the complaint insofar as asserted against Smith is not warranted at this juncture. Rather, in order to engage the protections afforded an alleged negligent coworker of an injured worker by Workers' Compensation Law § 29 (6), it must be shown, *inter alia*, that, at the time of injury, such co-worker was acting in the course of his or her employment. Here, whether Smith was a co-worker of the plaintiff acting within the scope of employment at the time at issue is a factual question that must be resolved by the Workers' Compensation Board (*see, Botwinick v Ogden,* 59 NY2d 909; *O'Rourke v Long,* 41 NY2d 219; *Manetta v Town of Hempstead Day Care Ctr.*, 248 AD2d 517). Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.