Von Maack v. 1199 SEIU Local

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand sixteen.

PRESENT:
>       ROSEMARY S. POOLER,
>       PETER W. HALL,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

---

Dorota Von Maack,

>               *Plaintiff-Appellant*,

>       v.                                                      **14-4276**

1199 SEIU Local,

>               *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Dorota Von Maack, pro se, Ridgewood, NY. |
| **FOR DEFENDANT-APPELLEE:** | Richard Lee Dorn, Levy Ratner, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dorota Von Maack, proceeding pro se, appeals the district court's dismissal – for failure to state a claim, as untimely, and as barred by the *Rooker-Feldman* doctrine – of her claims against her union, 1199 SEIU United Healthcare Workers East ("the Union"), for breach of its duty of fair representation, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and various other federal and state laws, including, *inter alia*, New York Labor Law § 741 and the New York Workers' Compensation Law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A district court's dismissal for lack of subject matter jurisdiction is also reviewed de novo. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

2

Upon review, we conclude that the district court correctly ruled that Von Maack failed to state discrimination claims under Title VII or the ADA, and that her duty of fair representation claims not brought under an anti-discrimination statute were untimely. Von Maack's contention that the Union continues to violate its duty of fair representation by failing to provide her with job referrals and financial assistance is meritless. Even assuming that the Union's duty of fair representation encompasses an obligation to provide such benefits, Von Maack began requesting such assistance as early as 2011, but did not file her federal complaint until June 17, 2014. Consequently, her claim for the Union's failure to provide these benefits accrued well outside the six-month limitations period. *See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) (claim accrues when plaintiff knew or reasonably should have known that breach occurred). Except for the claims under New York Labor Law § 741 and the New York Workers' Compensation Law, which were erroneously dismissed pursuant to the *Rooker-Feldman* doctrine, the court also correctly determined that none of the other miscellaneous federal and state statutes invoked by Von Maack provided a proper basis for her action.

The court erred in relying on the *Rooker-Feldman* doctrine to dismiss the Labor Law and Workers' Compensation claims because Von Maack did not complain of injuries caused by the state court judgment and Workers' Compensation Board decision rejecting those claims, but merely reasserted the claims already adjudicated in those proceedings. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (*Rooker-Feldman* requires that plaintiff complain of injuries caused by state court judgment). Dismissal of these claims was nevertheless

3

appropriate because, though not barred by *Rooker-Feldman*, they are issue-precluded by the state court and Workers' Compensation Board decisions.

Under New York law, issue preclusion applies if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995); *see also Locurto v. Giuliani*, 447 F.3d 159, 170-71 (2d Cir. 2006) (same principles apply to quasi-judicial agency decisions); *Liss v. Trans Auto Sys., Inc.*, 68 N.Y.2d 15, 21 (1986) (decisions of Workers' Compensation Board have issue-preclusive effect). Von Maack presented her Labor Law claim in a state court proceeding in which she was represented by counsel, and the state court's judgment definitively determined that she was not covered by § 741. *Von Maack v. Wyckoff Heights Med. Ctr.*, 990 N.Y.S.2d 440, 2014 WL 1328204, at \*10 (Sup. Ct. Kings Cty. 2014). Her Workers' Compensation claim was similarly adjudicated in a quasi-judicial administrative proceeding in which she was represented by counsel and had a full and fair opportunity to present her case. The Workers' Compensation Law Judge found that Von Maack had failed to prove that her medical condition was causally related to substandard conditions at her work place, and the Workers' Compensation Board affirmed that determination on appeal. Consequently, her Labor Law and Workers' Compensation claims are issue-precluded.

We have considered all of Von Maack's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4