Martinez v 250 W. 43 Owner, LLC (2020 NY Slip Op 00058)





Martinez v 250 W. 43 Owner, LLC


2020 NY Slip Op 00058


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10721 28648/17E

[*1] Fiumen Aquino Martinez, Plaintiff,
v
250 West 43 Owner, LLC, et al., Defendants.
250 West 43 Owner, LLC, et al., Third-Party Plaintiffs-Appellants,
v
Park Developers & Builders, Inc., et al., Third-Party Defendants, I & G Group, Inc., Third-Party Defendant-Respondent.


Cerussi & Spring, P.C., White Plains (Richard D. Bentzen of counsel), for appellants.
Torino & Bernstein, P.C., Mineola (Vincent J. Battista of counsel), for respondent.



Order, Supreme Court, New York County (Lucindo Suarez, J.), entered April 15, 2019, which, to the extent appealed from as limited by the briefs, granted third-party defendant I & G Group, Inc.'s motion for summary judgment dismissing the third-party claims against it for common law contribution and indemnification, based on a prior decision by the worker's compensation board finding that it is plaintiff's employer, unanimously reversed, on the law, without costs, and the motion denied.
The Court of Appeals has stated that "[w]here liability is imposed upon an employer to provide work[er]'s compensation and compensation is provided, that liability is exclusive and in the stead of any other employer liability whatsoever" (O'Rourke v Long , 41 NY2d 219, 221 [1976]; see Worker's Compensation Law § 11). Thus, "[i]f the right to sue the employer has been stripped away by work[er]'s compensation coverage, it is an arrogation of jurisdiction to consider a tort complaint on its merits" (id. at 221). Applying the holding in O'Rourke , courts have granted summary judgment dismissing tort claims against employers when the exclusive remedy of worker's compensation benefits has already been awarded (Decavallas v Pappantoniou , 300 AD2d 617 [2d Dept 2002]; Raphael v Sun Oil Co. , 214 AD2d 720 [2d Dept 1995]; Calhoun v Big Apple Wrecking Corp. , 162 AD2d 574 [2d Dept 1990]). Notably, however, in each of these cases the employer was a party to, and participated in, the worker's compensation proceeding.
The Court of Appeals has also recognized that a decision by the worker's compensation board may not be binding on parties who do not participate in its hearings. In Liss v Trans Auto Sys. (68 NY2d 15, 22 [1986]), the Court held that "where a defendant was not afforded an opportunity to cross-examine witnesses or present evidence at the prior [worker's compensation] hearing, the outcome of the hearing cannot have preclusive effect on that party" (internal citations omitted). By contrast, "any party to the hearing who had the required notice and opportunity to be heard will be precluded from relitigating issues necessarily decided by the administrative Judge" (id. at 21 [internal citation omitted]). The Court explained that "the [*2]Worker's Compensation Board has primary jurisdiction, but not necessarily exclusive jurisdiction, in factual contexts concerning compensability" (id. at 20). Noting that the defendants were not parties in interest in the worker's compensation proceedings, since they had no possible enforceable interest in a worker's compensation award, the Court determined that it was not an abuse of discretion for the worker's compensation judge to have precluded their participation at the hearing. However, the Court warned that "[u]nless the Legislature expands the definition of parties in interest, the unfortunate result will be that a duplicative proceeding must be held and the issue of compensability adjudicated anew because defendants never had a full and fair opportunity' to litigate the question" (id. at 22; see also Reynoso v Kensington Mgt. Servs. , 181 AD2d 415 [1st Dept 1992] ["the Board's decision is determinative of the issue, thus precluding any party to the hearing, who had the required notice and opportunity to be heard, from relitigating such issue"]).
Here, because it is undisputed that appellants were not given notice of the worker's compensation hearing, and were not afforded the opportunity to present evidence or cross-examine witnesses, their third-party claims, in which they challenge the identity of plaintiff's employer, should not have been dismissed as precluded by the board's prior determination of that issue (Liss , 68 NY2d at 22).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK