Buenano v City of New York (2025 NY Slip Op 00479)

Buenano v City of New York

2025 NY Slip Op 00479

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 23400/19 Appeal No. 3592-3593 Case No. 2023-06000 2024-02689 

[*1]Blanca Buenano, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, Bermain Irizarry et al., Defendants. 

Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood, II of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 1, 2024, which granted defendants The City of New York and New York City Department of Parks and Recreation's (together, defendants) motion to reargue their motion for summary judgment dismissing all claims and cross-claims against them and, upon reargument, denied their motion as premature, unanimously reversed, on the law, without costs, the motion granted, and, upon a search of the record, the motion also granted with respect to defendant Quevarda Cummings. Appeal from order, same court and Justice, entered October 6, 2023, unanimously dismissed, without costs, as academic.
Plaintiff was a passenger in a City vehicle being driven by defendant and City employee Cummings. Plaintiff was convicted of unlicensed vending and sentenced to three days of community service, and she was being transported to complete her second day of service for the Parks Department. While the City vehicle was near an intersection, it was struck by a vehicle owned and operated by defendant Bermain Irizarry, causing plaintiff injuries.
Defendants made a prima facie showing of entitlement to summary judgment by proffering a decision from the Workers' Compensation Board, which concluded that plaintiff was an employee of the City and the Parks Department at the time of the accident and awarded her workers' compensation benefits (see Workers' Compensation Law § 3[1] [group 19]). The workers' compensation benefits are plaintiff's exclusive remedy, and she is therefore precluded from pursuing civil claims against defendants (see Workers' Compensation Law § 11[1]; O'Rourke v Long, 41 NY2d 219, 221 [1976]; Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]).
The court improperly found defendants' motion to be premature under CPLR 3212(f), as plaintiff failed to demonstrate that further discovery was required to avoid summary judgment (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). Plaintiff acknowledges that she filed a workers' compensation claim against the City and the Parks Department, and she does not dispute that the Workers' Compensation Board issued a decision awarding her benefits; plaintiff solely argues that disputed issues of fact remain because she alleges that she has yet to receive payments. However, courts consistently "grant[] summary judgment dismissing tort claims against employers when the exclusive remedy of worker's compensation benefits has already been awarded" (Martinez v 250 W. 43 Owner, LLC, 179 AD3d 420, 421 [1st Dept 2020]; see also Liss, 68 NY2d at 21). Moreover, plaintiff did not show that additional information regarding whether she received any workers' compensation payments is within defendants' exclusive possession or that she made further attempts to obtain that information (see River Park Assoc. [1972] L.P. v Richman Plaza Garage Corp., 178 AD3d 422, 423 [1st Dept 2019]).
Upon a search of the record, summary judgment [*2]dismissing plaintiff's claims against defendant Cummings, the City employee driving the vehicle, should be granted (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]). The Workers' Compensation Law bars a tort action against an allegedly negligent co-employee (see Workers' Compensation Law § 29[6]; DeJesus v Todaro, 48 AD3d 341, 343 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025