In the Matter of the Claim of JOSEPH N. LOTITO, Respondent, v SALT CITY PLAYHOUSE et al., Respondents, and AMICA INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 22, 1979

## APPEARANCES OF COUNSEL

*Hancock, Estabrook, Ryan, Shove & Hust (Robert A. Small* of counsel), for appellant.

*McDonough, Digby & Connelly (Charles M. Connelly* of counsel), for Salt City Playhouse and another, respondents.

*Louis J. Lefkowitz*, Attorney-General (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

HERLIHY, J.

The appellant became liable to the claimant for first-party benefits under the no-fault provision of the Insurance Law for personal injuries sustained by him while a passenger in an automobile accident occurring on October 21, 1975. The appellant maintains that since workers' compensation benefits are offset against its liability pursuant to subdivision 2 of section 671 of the Insurance Law, it has a right to intervene and participate in workers' compensation proceedings on behalf of claimant.

The sole issue on this appeal is whether or not the board erred, as a matter of law, when it held that appellant "is not a party of interest in the compensation case and, therefore may not apply for reopening."

The pertinent provisions of subdivision 2 of section 671 of the Insurance Law (hereinafter referred to as section 671) are as follows: " 'First party benefits' means payments * * * *less:* * * * (b) amounts *recovered* or *recoverable* on account of such injury under state or federal laws providing social security disability benefits, or workmen's compensation law". (Emphasis supplied.) The appellant, from the time of claimant's initial demand for first-party benefits, has sought to deny such benefits or reduce the same on the ground that claimant was entitled to recover workers' compensation benefits for his injuries. It sought a declaratory judgment that the claimant and the appellant's insured driver were coemployees and the incident happened in the course of the employment. However, the Supreme Court at Special Term in Onondaga County (TENNEY, J.), by a decision dated March 3, 1977, found that the board had exclusive jurisdiction of those issues and determined that the complaint should be dismissed.

The regulations of the Superintendent of Insurance (11 NYCRR 65.6 [p] [3] [i]) require that appellant not deduct anything for workers' compensation benefits pending a determination of eligibility therefor, upon condition that a claimant execute a form obligating him to "diligently pursue his claim" and to repay to the appellant any benefits he actually re-

ceives. It appears that, pursuant to such an agreement, the appellant did pay the claimant without deducting anything in anticipation of workers' compensation benefits. The agreement executed by the claimant not only required him to diligently pursue his workers' compensation claim, but, also, it provided that his "personal attorney" was requested to call such witnesses as designated by appellant. While the matter is not certain, it appears that the claimant might not have honored the portion of the agreement as to calling witnesses designated by the appellant, but no penalty or other form of relief is provided in the event of lack of co-operation. Although the appellant's representative had stated at a referee hearing, held on March 29, 1976, that he desired to present four witnesses, these witnesses were not called by the claimant's attorney at the final hearing held on June 9, 1977. The referee, on June 9, 1977, found that the claimant was not entitled to workers' compensation benefits as the accident was not in the course of the employment.

The appellant was not given notice of the June 9 hearing and applied to the board for a reopening to develop the record. As noted hereinabove, the board denied such relief upon the ground that appellant was not a party.

From a reading of section 671 it is clear that the Legislature did not assign to the appellant any right to prosecute the workers' compensation claim either in its own right or on behalf of the claimant. The superintendent's regulations also do not provide for any such assignment of workers' compensation benefits and it seems apparent that no such legal relationship between a no-fault insurance carrier and a workers' compensation claimant was intended. In the regulations (11 NYCRR 65.6 [r]) there is a specific provision for an assignment of a claimant's right to sue for personal injuries and the conclusion is inescapable that the Legislature did not intend to invest the no-fault insurer with any legally enforceable interest in a workers' compensation award, except for the remedy of restitution through withholding benefits.

Inasmuch as the appellant has no enforceable interest in the workers' compensation award, the board's determination was not erroneous as a matter of law or an arbitrary and capricious exercise of its discretion.

There appears to be a statutory gap, as noted, but the apparent inequity in terms of the no-fault insurer's inability to effectively litigate the issue of workers' compensation cover-

age is a matter for the attention of the Legislature and the Superintendent of Insurance.

The decision should be affirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Decision affirmed, without costs,