■ In the Matter of the Claim of ALFREDO ROA, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 28, 1982, which denied an application for reopening. American Transit Insurance Company became liable to claimant for first-party benefits under the no-fault provisions of the Insurance Law for personal injuries sustained by him while driving a taxicab owned by King Gene Cab Corporation on February 2, 1981. After a hearing, claimant's compensation claim was disallowed on a finding that no employer-employee relationship existed. The no-fault carrier's request to reopen the case was denied, giving rise to this appeal. There should be an affirmance. In *Matter of Lotito v Salt City Playhouse* (66 AD2d 437), this court determined that a no-fault insurer is not a party in interest in a compensation case, notwithstanding the fact that workers' compensation benefits are offset against its liability pursuant to subdivision 2 of section 671 of the Insurance Law. While we recognized the existence of a "statutory gap" pertaining to the no-fault insurer's inability to litigate the issue of workers' compensation coverage, we further noted that this was a matter for the Legislature and the Superintendent of Insurance to rectify, not the courts (*id.,* at pp 439-440; see McKinney's Cons Laws of NY, Book 1, Statutes, § 73). As the no-fault carrier concedes in its brief, to date no modification has been made. Nor are we persuaded by the carrier's attempt to factually distinguish this case from *Matter of Lotito* (*supra*). The carrier's assertion that the referee's denial of the compensation claim was solely motivated by a desire to preserve the Uninsured Employers' Fund is without support in the record. Accordingly, since the no-fault insurance carrier has no enforceable interest in the workers' compensation award other than restitution, the board's determination was neither erroneous as a matter of law nor an arbitrary and capricious exercise of discretion. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.