■ PATRICIA MAXWELL, Individually and as Administratrix of the Estate of DONALD MAXWELL, Deceased, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 9, 1984 in Albany County, upon a decision of the court at Trial Term (Torraca, J.), without a jury.

The facts underlying this action, which emanates from the fatal one-car accident of plaintiff's decedent on December 30,

1977 in the Town of Colonie, Albany County, may be found in an earlier decision before this court, where we granted plaintiff's cross motion for summary judgment and remitted the matter to Special Term on the sole question of damages (92 AD2d 1049). Upon remittal, the parties signed a stipulation of discontinuance, dated October 17, 1983, which provided for the payment of approximately $128,000 in benefits to plaintiff, but excluded from the settlement plaintiff's claim for counsel fees. On April 17, 1984, a nonjury trial was conducted on the reserved issue of damages, following which Trial Term granted plaintiff counsel fees in the sum of $1,870, pursuant to the maximum rates established by 11 NYCRR 65.16 (c) (8) for ordinary cases, and $210.35 for disbursements. Plaintiff has appealed.

The principal question before us is whether plaintiff is entitled to a fee award in excess of that authorized by Special Term. In no-fault benefit cases, a claimant is entitled to reasonable counsel fees where a claim is improperly denied or overdue, and the claimant is required to pursue his legal remedies (see, Insurance Law former § 675 [1], renum § 5106 [a] by L 1984, ch 367, eff Sept. 1, 1984).[1] The fee recoverable is subject to rates established by the Superintendent of Insurance, specifically set forth in 11 NYCRR 65.16 (c) (8). Rates are based on in-court and out-of-court work, with a limitation on the maximum amount allowable for ordinary cases (11 NYCRR 65.16 [c] [8] [iii]). The crux of this case is whether the issues involved are of a novel and/or unique nature requiring extraordinary skills or services such as to entitle plaintiff to an excess fee award as authorized by 11 NYCRR 65.16 (c) (8) (vii).[2] The scope of this exception for excess fee awards appears to present a novel appellate issue in this State.

Plaintiff's attorney principally maintains that his efforts in discovering the flaw within the exclusion clause of the policy

---

1. We note that by an amendment effective January 1, 1982, the right to recover reasonable counsel fees extends only "for services necessarily performed in connection with securing payment of the overdue claim" (L 1981, ch 340, § 1). This statutory qualification does not apply to the instant case, however, where the accident occurred in December 1977.

2. This regulation reads, in pertinent part, as follows: "Notwithstanding the limitations listed in this paragraph, if the arbitrator(s) or a court determines that the issues in dispute were of such a novel and/or unique nature as to require extraordinary skills or services, the arbitrator(s) or court may award an attorney's fee in excess of the limitations set forth in this paragraph. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award" (11 NYCRR 65.16 [c] [8] [vii]).

and in making "new law" on the question of whether failure to cooperate is a basis for disclaimer under the No-Fault Law justify an excess fee award. At the hearing, expert witnesses for each side expressed divergent views as to whether the case involved unique issues. Plaintiff's attorney emphasized the advantages achieved for his client, and also introduced testimony that both the *New York Law Journal* and the Association of Trial Lawyers' monthly publication reported the case. Following the hearing, Trial Term concluded that plaintiff was not entitled to excess counsel fees.

In our view, this determination is in accord with the weight of the evidence and not contrary to law *(see, Arnold v State of New York,* 108 AD2d 1021, 1023). The focus on the excess award determination is not necessarily on the results achieved but on the issues presented, i.e., whether they are novel and/or unique and necessitate extraordinary efforts on the attorney's behalf (11 NYCRR 65.16 [c] [8] [vii]). As a review of our earlier decision indicates, the primary issues were settled on well-established rules of contract law and statutory construction. While counsel is to be commended for his efforts, the fact remains that the issues were not so novel or unique as to justify an excess fee award.

Plaintiff further contends that the limitation on counsel fees set forth in 11 NYCRR 65.16 (c) (8) violates the constitutional prohibition against the impairment of contracts (US Const, art I, § 10 [1]).[3] We disagree. Contrary to plaintiff's position, the challenged regulation limits the amount recoverable only from the insurer, not the client (11 NYCRR 65.16 [c] [8] [x]). It follows that the attorney is free to contract with the client for an appropriate fee.[4] In any event, neither Insurance Law former § 675 nor 11 NYCRR 65.16 (c) (8) impairs rights established under existing contracts and thus does not run afoul of the constitutional mandate *(see, Crosby v State of New York, Workers' Compensation Bd.,* 57 NY2d 305, 312, n).

Plaintiff's final contention, that Trial Term engaged in improper ex parte communications with the Surrogate's Court to inquire about the counsel fee arrangement for handling decedent's estate, is based on matters dehors the record and thus not properly before this court.

---

3. While plaintiff claims that this regulation also violates the NY Constitution, there is no analogous provision in the NY Constitution.

4. Even if we accept plaintiff's argument that 22 NYCRR 806.13 (f) precludes contingent fee arrangements in cases for first-party benefits, the attorney may still contract on an hourly rate fee with his client.

Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.