■ KEIKO DUMLAO, Respondent, v STATE FARM INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to recover first-party no-fault insurance benefits pursuant to a contract of insurance issued by the defendant, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Roberto, J.), entered August 9, 1989, as awarded counsel fees pursuant to 11 NYCRR 65.17 (b) (6) (vi) in the amount of $5,000 to the plaintiff's attorneys.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff's attorneys $5,000 in counsel fees and substituting therefor a provision awarding them $850 in counsel fees; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that the plaintiff commenced this action to recover first-party benefits after she allegedly sustained disabling injuries in an automobile accident while insured by the defendant. The only dispute which arose during the ensuing trial concerned the factual issue of whether the plaintiff's injury was caused by the automobile accident or by a preexisting arthritic condition. The plaintiff's attorneys elicited the testimony of the plaintiff and a medical expert in support of the former position, while the defendant presented its own medical expert in an attempt to prove the latter. Moreover, while the parties agreed that, under the regulations of the Superintendent of Insurance, any award of counsel fees in a case such as this ordinarily would be limited by 11 NYCRR 65.17 (b) (6) (v), the plaintiff maintained that an excess fee award would be warranted in this case pursuant to 11 NYCRR 65.17 (b) (6) (vi). Those regulatory provisions state

"(v) * * * the attorney's fee shall be limited as follows: 20 percent of the amount of first-party benefits, plus interest thereon, awarded by the arbitrator or court, subject to a maximum fee of $850.

"(vi) Notwithstanding the limitations listed in this paragraph, if the arbitrator or a court determines that the issues in dispute were of such a novel or unique nature as to require extraordinary skills or services, the arbitrator or court may award an attorney's fee in excess of the limitations set forth [in these rules]. An excess fee award [must] describe in detail the specific novel or unique nature of the dispute which justifies the award" (11 NYCRR 65.17 [b] [6] [v], [vi]).

The Supreme Court rendered an award in favor of the plaintiff, and also awarded counsel fees of $5,000 to the plaintiff's attorneys, reasoning as follows: "[t]his Court finds that the issue of whether or not the injury was causally related [to the accident] is of such a unique nature as to require the extraordinary skills and services of an attorney. [The plaintiff] is therefore entitled to recover $5,000.00 in attorneys' fees including disbursements based upon the reasonable value of the legal services performed in obtaining the recovery". We modify the judgment by reducing the award of counsel fees from $5,000 to $850.

In our view, the factual question of causation presented by this case was not an issue "of such a novel or unique nature as to require extraordinary skills or services" on the part of the plaintiff's attorneys and the excess fee award was therefore improper. As was observed in *Maxwell v State Farm Mut. Auto. Ins. Co.* (115 AD2d 190, 192): "The focus on the excess

award determination is not necessarily on the results achieved but on the issues presented, i.e., whether they are novel and/or unique and necessitate extraordinary efforts on the attorney's behalf * * *. [In this case] the primary issues were settled on well-established rules of contract law and statutory construction. While counsel is to be commended for his efforts, the fact remains that the issues were not so novel or unique as to justify an excess fee award".

Likewise, in the matter before us, the plaintiff's attorneys exhibited commendable competence and skill in representing their client and in persuading the court that the injuries which she suffered bore a causal connection to the vehicular accident in which she was involved. However, there was nothing in the issue itself, or in the manner in which it was pursued by counsel, which warranted the award of an excess fee pursuant to 11 NYCRR 65.17 (b) (6) (vi). Accordingly, the counsel fee award is reduced to the maximum amount permitted under 11 NYCRR 65.17 (b) (6) (v). Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.