JOSEPH ARVATZ, Respondent, v EMPIRE MUTUAL INSURANCE COMPANY, Appellant.

First Department, November 7, 1991

APPEARANCES OF COUNSEL

*Thomas Torto* of counsel *(Adolph B. Salib,* attorney), for appellant.

*Bertram Herman, P. C.,* for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

On March 8, 1989, plaintiff, while driving his vehicle, which was insured with Empire Mutual Insurance Company under a policy containing the statutorily mandated *(see,* Insurance Law § 5103 [a]) no-fault endorsement, was involved in an accident with another vehicle, allegedly sustaining personal injuries. On or about April 4, 1989, in accordance with Insurance Department regulations, he filed an application with Empire for no-fault benefits, listing himself as a self-employed driver since 1983. On May 1, 1989, after an investigation, Empire denied the claim on the ground that at the time of the accident plaintiff was operating his vehicle as an employee of Charge and Travel, Inc., a car service, and was therefore relegated to a claim for benefits under Workers' Compensation Law.

Thereafter, on July 7, 1989, plaintiff filed a claim with the

Workers' Compensation Board. Subsequently, on December 7, 1989, after ascertaining that Charge and Travel did not have workers' compensation insurance in effect for him, plaintiff filed a similar claim with the Uninsured Employer's Fund of the Workers' Compensation Board. In the interim, however, on October 11, 1989, before the Workers' Compensation Board rendered any decision on his claim, plaintiff commenced the underlying action seeking a declaration that, without any workers' compensation offset, Empire was required to make the mandated no-fault payments to which he was entitled in accordance with article 51 of the Insurance Law. Issue was joined by service of an answer which included, *inter alia,* the affirmative defense that the court lacked subject matter jurisdiction since the Workers' Compensation Board was first required to decide if the injuries claimed were within the purview of the Workers' Compensation Law.

Plaintiff thereafter moved, *inter alia,* pursuant to CPLR 3211 (b) to strike the jurisdictional defense as well as Empire's related workers' compensation defenses, contending that at the time of the accident he was an independent contractor in the business of transporting persons for hire in his own automobile after receiving referrals from Charge and Travel, Inc., which did not employ him. Empire cross-moved for summary judgment dismissing the complaint, arguing that plaintiff was an employee injured in the scope of employment with Charge and Travel and that the Workers' Compensation Board must, as a threshold matter, first decide whether plaintiff's injuries were covered by the Workers' Compensation Law.

The IAS court granted plaintiff's motion to strike Empire's affirmative defense based on lack of subject matter jurisdiction, finding that the Workers' Compensation Board does not have exclusive jurisdiction to decide the issue of whether plaintiff was an employee of Charge and Travel. The court distinguished *O'Rourke v Long* (41 NY2d 219), upon which Empire relied, on the ground that, unlike *O'Rourke,* plaintiff was not suing his employer. The IAS court reasoned that this circumstance was significant since, if Empire did not have standing to participate in the Compensation Board hearings, it would not be bound by the Board's determination. Accordingly, the court set the matter down for a hearing on the framed issue of whether plaintiff was an independent contractor or employee. After taking testimony, it found that plaintiff was an independent contractor entitled to no-fault benefits

without offset from his insurer, Empire. A judgment to that effect, which also awarded plaintiff attorney's fees in the sum of $15,000 pursuant to Insurance Law § 5106 and from which this appeal is taken, was entered. We reverse.

■ ■ Empire's appeal from the judgment brings up for review the prior order denying its cross motion for summary judgment and granting plaintiff's motion to strike the affirmative defense based on the exclusivity of the Workers' Compensation Board as the forum to resolve the issue of plaintiff's employment status, since that order necessarily affected the final judgment. (CPLR 5501 [a] [1]; *Champion Intl. Corp. v Dependable Indus. Corp.*, 47 AD2d 473, 475; *appeal dismissed* 36 NY2d 983.) Those motions were incorrectly decided since the matter should have been remanded to the Workers' Compensation Board to determine the threshold issue of whether plaintiff is an employee or independent contractor.

"[W]here the availability of work[ers'] compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions. The Legislature has placed the responsibility for these determinations with the Work[ers'] Compensation Board and there it must remain." *(O'Rourke v Long,* 41 NY2d 219, 228, *supra.)* The Board has "primary jurisdiction" to resolve the question of coverage and a "plaintiff has no choice but to litigate this issue before the Board". *(Liss v Trans Auto Sys.,* 68 NY2d 15, 21.) Here, in its moving papers, Empire stressed such factors as right of control, method of payment, furnishing of material and nature of the work, which are traditionally considered in determining whether an employment relationship existed. Thus, as posed, the issue for resolution involved a mixed question of fact and law and the matter should have been remanded to the Workers' Compensation Board for resolution of the employment issue.

■ Plaintiff also argues that since he signed a NYS Form N-F9, which obligates him diligently to pursue his workers' compensation claim, he is entitled to no-fault benefits without offset subject to reimbursement of the presently withheld amounts in the event he is successful and such amounts are eventually paid to him. A reading of the applicable Insurance Department regulation (11 NYCRR 65.15 [p] [3] [i]), however, reveals that the no-fault insurer is obligated to pay first-party benefits only if the workers' compensation carrier "denies liability for payment of benefits, in whole or in part". There

has been no such denial in the instant case. Only if the Uninsured Employer's Fund of the Workers' Compensation Board, with which plaintiff has filed a claim, denies liability would plaintiff be entitled to collect no-fault benefits while pursuing his claim with the Workers' Compensation Board.

As between no-fault and workers' compensation, the latter is "primary" and an injured party may not " ' "elect" between work[ers'] compensation benefits and no-fault benefits.' " (Carlo Serv. Corp. v Rachmani, 64 AD2d 579, 580, quoting Grello v Daszykowski, 58 AD2d 412, 415, n 2, revd on other grounds 44 NY2d 894.) Moreover, Insurance Law § 5102 (b) (2) expressly provides that workers' compensation benefits serve as an offset against first-party benefits payable under no-fault as compensation for "basic economic loss".

■ Ignoring the controlling precedents, the IAS court refused to defer to the Workers' Compensation Board, relying upon the fact that Empire was not a party to the Board's hearing and thus would not be bound by its determination. In so ruling, the court failed to take into account an Insurance Department regulation expressly providing that the Workers' Compensation Board will "give the [no-fault] insurer notice of the applicant's hearing, so that the insurer may be present. Although the insurer may not be a party to such hearing, it may submit evidence to the referee and may request that the referee put specific questions to the parties." (11 NYCRR 65.15 [p] [3] [ii].) Thus, contrary to the IAS court's reasoning, Empire could participate in the Board's hearing. Furthermore, Workers' Compensation Law § 23 provides that "any party in interest", which would certainly include an affected no-fault insurer, may judicially challenge its determination. Since Empire has the right to participate in the hearing and to appeal any adverse determination, the Board's decision would be binding on it.

■ Nor is Empire's position in claiming workers' compensation offsets based on plaintiff's status as an employee of Charge and Travel an implausible one. Quite apart from the common-law arguments advanced by Empire, section 2 of the Workers' Compensation Law was amended in 1986 (L 1986, ch 903, eff Oct. 4, 1986) "to resolve a perceived social problem relating to taxicab drivers by creating a statutory employment relationship requiring expanded workers' compensation coverage." (Matter of Clumber Transp. Corp. [Workers' Compensation Bd.], 160 AD2d 1186.) Workers' Compensation Law § 2 (3) now defines "employer" to include an "association, or corpora-

tion who * * * contracts with an operator * * * for the purpose of driving [or] operating * * * a taxicab [as defined in Vehicle and Traffic Law § 148-a]," a description which certainly fits Charge and Travel. Vehicle and Traffic Law § 148-a defines a taxicab as a "motor vehicle * * * used in the business of transporting passengers for compensation, and operated in such business under a license or permit issued by a local authority." It is undisputed that plaintiff's automobile meets the statutory definition of taxicab; plaintiff transported passengers for compensation and was licensed by the Taxi and Limousine Commission. Section 2 (4) of the Workers' Compensation Law provides that the term "employee" includes a "driver [or] operator * * * who contracts with an owner [or] operator * * * for the purpose of operating a taxicab [as defined in Vehicle and Traffic Law § 148-a]". Pursuant to section 2 (5) of the Workers' Compensation Law, "employment" includes the "service of a driver [or] operator * * * of a taxicab".

In that regard, we note that in its findings of fact at the conclusion of the hearing on the framed issue the IAS court ignored these amendments. Instead, since Empire relied exclusively on the traditional factors determinative of an employment relationship, the court focused its attention on these factors. In the case of taxicab drivers, however, these factors are now irrelevant for purposes of workers' compensation coverage.

■ In any event, since Empire's cross motion presented, at the very least, a mixed question of fact and law as to plaintiff's status as either an independent contractor, as he claims he is, or as an employee of Charge and Travel, as Empire claims is the case, the resolution of which is best suited for determination by the Board, given its expertise in the area, the IAS court should not have undertaken a resolution of the issue pending the Board's disposition of plaintiff's workers' compensation claim. Although the facts adduced at the hearing on the framed issue might enable us to resolve the question of plaintiff's employment status as a matter of law* in light of the recent amendments to the Workers' Compensation Law, we decline to do so since Empire did not rely on the amendments and plaintiff was never afforded the opportunity

---

* Where a determination of the injured party's employment status involves "an issue of statutory construction and presents a pure question of law", a court may resolve the issue without reference to the Board. (O'Rourke v Long, supra, 41 NY2d, at 224.)

to confront them factually. Even at this juncture, the matter should be left for disposition by the Workers' Compensation Board after development of a full record.

■ One other matter remains for consideration. The IAS court awarded $15,000 as a counsel fee pursuant to Insurance Law § 5106 (a), which is being vacated with our reversal since plaintiff has yet to establish a "valid claim" to first-party benefits *(id.).* This award could not, in any event, be sustained since it was both excessive and in violation of the rates established by the Superintendent of Insurance. In accordance with the Superintendent's regulations (11 NYCRR 65.17 [b] [6] [iv] [a]), plaintiff was entitled to counsel fees of $70 per hour, subject to a maximum fee of $1,400 for "preparatory services". Since the statement of services shows an expenditure of approximately 33 hours in out-of-court services, the maximum fee therefor would be $1,400. Plaintiff's counsel claimed approximately eight hours expended in court appearances. Pursuant to section 65.17 (b) (6) (iv) (b), plaintiff was entitled to an award of $640 (8 hours × $80 per hour) for such services. Thus, plaintiff was entitled to a maximum allowance of $2,040.

Nor can the award be justified as an "excess fee award" on the basis of the "novel or unique nature of the dispute". (11 NYCRR 65.17 [b] [6] [vi].) Such a fee is allowed only if the award states the basis therefor. *(Id.)* The court gave no explanation whatsoever as to the basis for its award. Moreover, on this record, the dispute was not of such a "novel or unique nature as to require extraordinary skills or services" *(id.).* At issue here is the rather ordinary issue of whether plaintiff was an employee or independent contractor. The focus of an excess award is not on the result obtained but rather "on the issues presented, i.e., whether they are novel and/or unique and necessitate extraordinary efforts on the attorney's behalf". *(Maxwell v State Farm Mut. Auto. Ins. Co.,* 115 AD2d 190, 192.)

Accordingly, the judgment of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about September 6, 1990, should be reversed, on the law, without costs or disbursements, the judgment vacated and a declaration made that the Workers' Compensation Board must make the initial determination as to whether the alleged injury is within the purview of the Workers' Compensation Law.

MILONAS, KUPFERMAN, KASSAL and SMITH, JJ., concur.

Judgment, Supreme Court, New York County, entered on or about September 6, 1990, unanimously reversed, on the law, without costs or disbursements, the judgment vacated and a declaration made that the Workers' Compensation Board must make the initial determination as to whether the alleged injury is within the purview of the Workers' Compensation Law.