■ In the Matter of the Claim of RODOLFO ARAGONES, Respondent, v 344 WEST 49TH STREET APARTMENT CORPORATION, Appellant, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 737] — Appeal from a decision of the Workers' Compensation Board, filed October 23, 1991, which denied petitioner's application for reopening and reconsideration.

Claimant was bitten by a guard dog in 1985 and filed a

workers' compensation claim in June 1985. He subsequently commenced a negligence action against various parties including the putative employer based upon the same incident. The defendants in the negligence action moved for summary judgment, claiming that claimant's exclusive remedy was under the Workers' Compensation Law. Supreme Court granted the motion as to all defendants except the putative employer and referred the action to the Workers' Compensation Board for a determination of the applicability of the Workers' Compensation Law. A Workers' Compensation Law Judge found that the accident occurred outside the scope of employment and was not compensible. A motion by the putative employer's liability insurer to reopen the claim was denied by a Board panel as an untimely appeal. Upon reversal by the full Board, a Board panel denied the application to reopen, finding that the application did not contain any information not known at the time of the accident and that the delay in making the application to the Board was unreasonable. The putative employer appeals.

In arguing that the Board should have granted the request to reopen the claim, the putative employer contends that notice of the hearing on the applicability of the Workers' Compensation Law should have been sent to its liability insurer, which was defending the negligence action. Initially, we find that the liability insurer was not a party in interest entitled to notice of the hearing separate from that given the putative employer in the absence of a specific statutory or regulatory requirement to the contrary (see, Matter of Roa v American Tr. Ins. Co., 96 AD2d 609, appeal dismissed 60 NY2d 860; Lotito v Salt City Playhouse, 66 AD2d 437; cf., Arvatz v Empire Mut. Ins. Co., 171 AD2d 262). Further, we find that the Board did not abuse its discretion in declining to reopen the claim under the facts of this case (see, Matter of Buffa v Morse-Diesel, 87 AD2d 929).

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.