■ In the Matter of EMPIRE INSURANCE COMPANY, Appellant, v WORKERS' COMPENSATION BOARD, Appellant, and STATE INSURANCE FUND et al., Respondents. [607 NYS2d 675] —Judgment of the Supreme Court, New York County (Beverly Cohen, J.), entered on June 11, 1993, which directed, inter alia, that petitioner Empire Insurance Company pay the no-fault

medical bills and lost earnings of respondent Hugh Wofsy, and that the respondent Workers' Compensation Board reimburse Empire for such no-fault payments made to Wofsy in the event it is determined upon remand that Wofsy is an employee, and not an independent contractor of Dial-a-Car, Inc., is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements, and without prejudice to any right of appeal petitioner may possess, to the Appellate Division, Third Department.

Hugh Wofsy is a livery cab driver who was involved in an accident on May 22, 1989 while allegedly working for Dial-a-Car, Inc. (Dial). Wofsy filed a claim for no-fault benefits with Empire Insurance Company (Empire) which Empire denied on the ground that Wofsy was an employee of Dial, and therefore, required to submit his claim to the Workers' Compensation Board. Wofsy sought arbitration of this dispute. The arbitrator denied his claim because resolution required an initial inquiry by the Workers' Compensation Board into whether Wofsy was an employee or an independent contractor. Wofsy proceeded to file a claim for Workers' Compensation benefits with the Board.

Thereafter, the Administrative Law Judge for the Workers' Compensation Board determined that Wofsy was an independent contractor, and therefore not entitled to Workers' Compensation benefits. Empire sought to reopen the Workers' Compensation claim so that it could participate in the hearing to determine whether Wofsy was an employee or an independent contractor. The Board denied Empire's request and Empire brought this CPLR article 78 proceeding in Supreme Court to compel the Board to reopen Wofsy's claim and to allow petitioner to participate in the hearing.

The IAS Court held that Empire was entitled to reopen the Workers' Compensation hearing so that it could participate in the proceeding. In addition, the IAS Court held that Empire would be required to honor Wofsy's no-fault claim immediately, with a direction that petitioner be reimbursed if it is ultimately determined that Wofsy was an employee.

Jurisdiction for appealing a decision of the Workers' Compensation Board is governed by Workers' Compensation Law § 23 which provides that an appeal from a decision of the Board can only be brought to the Appellate Division, Third Department. The rationale behind this provision is to create a court with a specific expertise to deal with the complexity of the appeals that are generated in this area. Furthermore, we

have previously held that, because the exclusive avenue for appeal of Workers' Compensation decisions is to the Third Department, an article 78 proceeding cannot be employed to review the substance of the Board's decision *(Matter of Bock v Cooperman,* 89 AD2d 539, *affd on mem below* 59 NY2d 776).

The IAS Court misinterpreted *Arvatz v Empire Mut. Ins. Co.* (171 AD2d 262). We did not hold in *Arvatz* that an insurer has a right to reopen a compensation hearing so that it may participate therein. In fact, we specifically noted in that case that "Workers' Compensation Law § 23 provides that 'any party in interest', which would certainly include an affected no-fault insurer, may judicially challenge its [the Board's] determination" *(supra,* at 268). Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.