[625 NYS2d 738]

In the Matter of the Claim of HUGH WOFSY, Respondent, v DIAL CAR et al., Respondents, and EMPIRE INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 4, 1995

## APPEARANCES OF COUNSEL

*Thomas Torto,* Brooklyn, for appellant.

*Raymond C. Green,* New York City *(Paul L. Isaacson* of counsel), for State Insurance Fund, respondent.

*Dennis C. Vacco, Attorney-General,* New York City *(Elaine Stogel* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Injured in an automobile accident in 1989, claimant sought first-party benefits from his no-fault insurance carrier, Empire Insurance Company. Because claimant had been driving a livery car for hire when the accident occurred, Empire denied his claim on the ground that he was injured in the course of his employment, and must therefore first seek and obtain any available workers' compensation benefits. The controversy was submitted to a no-fault arbitrator, who held that whether claimant was an employee of Dial-A-Car Inc. (a concern that fielded calls from customers and dispatched drivers), and if so, whether the accident occurred in the course of that employment, must be decided in the first instance by the Workers' Compensation Board (hereinafter the Board).

Claimant then filed for workers' compensation benefits. After a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that claimant was as an independent contractor at the time of the accident. When claimant reported this outcome to Empire and again sought payment of his no-fault claim, Empire, which had not been notified of the hearing before the Board and had not participated therein, asked the Board twice to reopen the hearing so that it could present evidence in support of its position that claimant had been an employee, rather than an independent contractor. Both requests were refused. Empire appeals from the Board's decision denying its request to reopen claimant's case.

We have previously held that inasmuch as a claimant's no-fault insurer has no legal, enforceable interest in the compensation award that is the subject of a proceeding before the

Board, such an insurer cannot be considered a "party in interest" in that proceeding, and accordingly, that it is not an abuse of the Board's discretion to refuse to reopen the case at the insurer's behest *(see, Matter of Roa v American Tr. Ins. Co.,* 96 AD2d 609, *lv dismissed* 60 NY2d 557; *Matter of Lotito v Salt City Playhouse,* 66 AD2d 437, 439). Empire contends that these decisions are no longer viable because they were rendered prior to the promulgation of an Insurance Department regulation which, Empire maintains, requires that a no-fault insurer be afforded an opportunity to participate in a compensation hearing *(see,* 11 NYCRR 65.15 [q] [3] [ii]), and prior to a decision of the First Department that revisited the issue after that regulation was adopted *(see, Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262, 268). In response, the Board asserts that it is not bound by this regulation, and that even if it were applicable, Empire would not be entitled to participate in this case because it failed to send the Board a copy of claimant's agreement to pursue workers' compensation benefits, as the regulation requires.

Because the issue of the applicability of the cited regulation was not before the Board, we do not address it. Moreover, we find Empire's reliance on *Arvatz v Empire Mut. Ins. Co. (supra)* misplaced. As the First Department recently explained, there is a distinction between the insurer's right to challenge a Board decision in court, which it had indicated in *Arvatz* would be available to one in Empire's position—a proposition that has no relevancy in this case—and the right to reopen a compensation hearing to present additional evidence or argument *(see, Matter of Empire Ins. Co. v Workers' Compensation Bd.,* 201 AD2d 425, 427). This distinction is manifestly reasonable, given the fact that an application for reopening is addressed to the discretion of the Board. So viewed, *Arvatz* does not conflict with our prior holdings.

Parenthetically, we note that Empire is not without a remedy, for having been denied an opportunity to participate in the hearing it is not precluded from relitigating the compensability of claimant's injuries in a judicial forum *(see, Liss v Trans Auto Sys.,* 68 NY2d 15, 22).

CARDONA, P. J., CREW III, WHITE and CASEY, JJ., concur.

Ordered that the decision is affirmed, without costs.