■ In the Matter of the Claim of DAVID C. ESPOSITO, Respondent, v RICHARD PETRUZZI et al., Respondents, and EMPIRE/ALLCITY INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [719 NYS2d 300] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed July 27, 1999, which ruled that Empire/Allcity Insurance Company lacked standing to challenge the Workers' Compensation Law Judge's decision ruling that claimant was an independent contractor.

Claimant was injured in an automobile accident while driving a taxicab leased from Richard Petruzzi. Empire/Allcity Insurance Company (hereinafter Empire), claimant's motor vehicle no-fault insurance carrier, denied claimant first-party benefits on the ground that claimant was injured during the course of his employment with Petruzzi and directed him to seek workers' compensation benefits. Following a hearing at which Empire was allowed to fully participate in the examination of witnesses, an expansion of the opportunity to participate granted to no-fault insurers by 11 NYCRR 65-3.19 (c) (2) (formerly 11 NYCRR 65.15 [q] [3] [ii]), a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim based upon a finding that claimant was an independent contractor rather than Petruzzi's employee.

A panel of the Workers' Compensation Board denied Empire's application pursuant to Workers' Compensation Law § 23 for review of the WCLJ's decision, finding that Empire lacked standing to request Board review. The Board, relying in part on the commentaries pertaining to Workers' Compensation § 22, held that "applicable case law confirms that the no-fault

insurance carrier is not a party for the purposes of determining whether it may pursue an appeal under the Workers' Compensation Law" citing a number of decisions of this Court in support of its ruling (*see, Matter of Wofsy v Dial Car*, 211 AD2d 52, *lv dismissed* 86 NY2d 838; *Matter of Roa v American Tr. Ins. Co.*, 96 AD2d 609, *appeal dismissed* 60 NY2d 860, *lv dismissed* 60 NY2d 557; *Matter of Lotito v Salt City Playhouse*, 66 AD2d 437, 439). Empire appeals.

Workers' Compensation Law § 23 provides, in pertinent part, that *"[a]ny party* may * * * file with the board an application * * * for * * * review of such award or decision," that "an appeal may be taken therefrom to the appellate division of the supreme court, third department, by *any party in interest"* and that if there is a dissent from the review of the panel of the board *"any party in interest* may * * * make application in writing for review thereof by the full board" (emphasis supplied). Our prior decisions cited by the Board, which held that a no-fault carrier may not be deemed a party to a workers' compensation proceeding, involved a later-stage attempt at initial participation in a compensation proceeding by a no-fault carrier seeking to reopen a contested compensation proceeding for the purpose of presenting additional evidence or argument, clearly not the situation here. Empire argues that it was allowed to fully participate in the workers' compensation proceeding by the presiding WCLJ, thus attaining the status of a party in interest[1] and becoming conclusively bound by the decision therein and should not be denied its right to appeal provided by Workers' Compensation Law § 23. On the record before us we are compelled to agree with Empire and find that it had the necessary legal standing to obtain Board review.

The Board's decision quoted a portion of the commentaries to Workers' Compensation Law § 22, which states that "a party can only be the employer, its carrier, an appropriate special fund, the claimant or legal representative of any of the foregoing." (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 22, at 262.) While we know of no precedential value afforded such commentaries, we nevertheless note that Workers' Compensation Law § 22 deals not with the employment status of a claim-

---

1. Although Workers' Compensation Law § 23 refers to both a party and party in interest, the parties to this appeal and some courts have used the terms interchangeably. Insofar as applicable here, we are concerned with Empire's right to appeal to the Board from an adverse decision of a WCLJ which, to be consistent with the statute, would require us to find Empire a party to the underlying proceeding.

ant but rather the modification of an award, decision or order that previously awarded compensation, rendering that section and the commentaries thereto inapplicable to our review here.

Although not cited in the Board's decision (*cf., Matter of Wofsy v Dial Car, supra*, at 54), the Uninsured Employers Fund cites 11 NYCRR 65-3.19 (c) (2) in its brief claiming that this regulation "expressly states that a no-fault carrier is not a party" to a workers' compensation proceeding.[2] The pertinent part of the regulation states: *"Although the insurer may not be a party to such hearing*, it may submit evidence to the referee and may request that the referee put specific questions to the parties" (11 NYCRR 65-3.19 [c] [2] [emphasis supplied]). This Insurance Department regulation permitting a no-fault insurer limited participation at a claimant's workers' compensation hearing does not, in our view, prohibit a WCLJ from allowing that insurer to fully participate in such a hearing. Nor have we found any statute or Labor Department regulation affecting workers' compensation matters which impose an absolute prohibition on a no-fault insurer from fully participating in a workers' compensation hearing of a claimant to whom it has issued an automobile no-fault insurance policy.

Further, since a claimant must litigate the issue of coverage before the Board (*see, Liss v Trans Auto Sys.*, 68 NY2d 15; *O'Rourke v Long*, 41 NY2d 219, 227-228), it is only logical that the affected no-fault carrier should be allowed an opportunity to fully participate in the hearing that determines a claimant's employment status, as Empire participated here, examining and cross-examining witnesses and engaging in discussions with the WCLJ (*see, Liss v Trans Auto Sys., supra*, at 22). By doing so, Empire becomes conclusively bound by the ruling therein (*see*, Workers' Compensation Law § 23) and is deemed to have elected its remedy (*see, e.g., Matter of Zatz v Moscovici*, 258 AD2d 850), waiving further review in another judicial or arbitral arena of any issue decided in the compensation proceeding affecting its responsibility to the claimant, thereby entitling it to the right to appeal afforded to any party by Workers' Compensation Law § 23 (*see, Arvatz v Empire Mut. Ins. Co.*, 171 AD2d 262).

Such an interpretation of this regulation, to the extent that it applies to the facts of this case, is consistent with the requirement that the Workers' Compensation Law "is to be construed liberally [in favor of the claimant] to accomplish the economic

---

**2.** It is interesting to note that the Board has previously taken the position that it is not bound by this regulation (*see, Matter of Wofsy v Dial Car, supra*, at 54).

and humanitarian objects of the act" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 145; *see, Matter of Waters v Taylor Co.*, 218 NY 248, 251-252; *Matter of Zatz v Moscovici, supra*, at 851) as it diminishes the possibility of contrary decisions in different forums which may result in the denial of intended first party benefits to a claimant and eliminates successive legal challenges on the same issues resulting in a more timely resolution and more efficient use of both administrative and judicial resources while protecting the panoply of rights afforded claimants.

Finally, while mindful of our limited review of and the deference given to Board decisions (*see, e.g., Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363), we find nothing in this record or in our research which would indicate that the underlying operational practices of the Board would be disrupted or compromised by allowing Empire party status in this proceeding and conclude that the Board's contrary determination is unreasonable when viewed in the context of the facts presented on this appeal (*see, Matter of Union Indem. Ins. Co.*, 92 NY2d 107, 122-123; *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231).

For these reasons, the Board's decision that Empire lacked standing to challenge the decision of the WCLJ as to claimant's employment status must be reversed and this matter remitted to the Board for further proceedings.

Peters and Rose, JJ., concur.

Mercure, J. P. (dissenting). We respectfully dissent. In our view, the Workers' Compensation Board's construction of the seemingly synonymous terms "party" and "party in interest" to include only the employer, its carrier, an appropriate special fund, the claimant or a legal representative of any of them (*see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 22, at 262) is by no means irrational. We would therefore affirm the Board's decision that pursuant to Workers' Compensation Law § 23, claimant's no-fault carrier lacks standing to seek review of the decision of the Workers' Compensation Law Judge (hereinafter WCLJ) denying compensation upon the ground that claimant was an independent contractor.

This Court has previously held that "inasmuch as a claimant's no-fault insurer has no legal, enforceable interest in the compensation award that is the subject of a proceeding before the Board, such an insurer cannot be considered a 'party in interest' in that proceeding" (*Matter of Wofsy v Dial Car*, 211 AD2d 52, 53-54, *lv dismissed* 86 NY2d 838; *see, Matter of Roa v*

*American Tr. Ins. Co.*, 96 AD2d 609, *appeal dismissed* 60 NY2d 860, *lv dismissed* 60 NY2d 557; *Matter of Lotito v Salt City Playhouse*, 66 AD2d 437, 439). As correctly pointed out by the majority, those cases arise out of a somewhat different procedural setting than the present one, but no argument advanced by the no-fault carrier or analysis put forth by the majority persuades us that the same rule of law does not apply with equal force in this case. Consistent with that view, regulations of the Board require that notice of hearings be mailed to a claimant, the compensation carrier and its authorized representative and, where the employer is alleged to be uninsured at the time of the underlying accident, to the employer (12 NYCRR 300.8). Although a no-fault carrier may well be affected by the outcome of hearings before a WCLJ or the Board, no provision is made for notice to any other person.

Further, unlike the majority, we are not persuaded that permitting a no-fault carrier to take part in the hearing before the WCLJ while denying it the right to appeal the WCLJ's decision is illogical. Permitting the carrier to participate at the hearing level tends to insure that the administrative record will contain all evidence relevant to the issue of the claimant's entitlement to compensation benefits. At the same time, denying the carrier party status gives proper recognition to the fact that it is a stranger to the proceeding, albeit one with an indirect financial stake in the outcome. To that end, regulations of the Insurance Department specifically provide that "[a]lthough the insurer *may not be a party to such a hearing*, it may submit evidence to the referee and may request that the referee put specific questions to the parties" (11 NYCRR 65-3.19 [c] [2] [emphasis supplied]).

As a final matter, we do not believe that the authority cited to by the majority necessarily supports the conclusion that the no-fault carrier's limited involvement in the hearing before the WCLJ would bar it from attempting to establish claimant's employee status in a different forum (*cf.*, *Arvatz v Empire Mut. Ins. Co.*, 171 AD2d 262, 268 [no-fault carrier's right to participate in WCLJ hearing and to appeal any determination to the Board would be binding on it]).

Spain, J., concurs.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.