▮ In the Matter of the Claim of FRANCIS SEO, Respondent, v UTOG 2-WAY RADIO, INC., et al., Respondents. EAGLE INSURANCE COMPANY, Appellant; WORKERS' COMPENSATION BOARD, Respondent. [726 NYS2d 588] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 22, 1999, which, upon reconsideration, ruled that Eagle Insurance Company did not have standing to appeal the decision of the Workers' Compensation Law Judge.

Claimant was injured in an automobile accident while driving home from his job as a limousine driver employed by UTOG 2-Way Radio, Inc. He applied for first-party benefits from his

motor vehicle no-fault insurance carrier, Eagle Insurance Company, and filed a claim for workers' compensation benefits. Following a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) in which Eagle fully participated, claimant was ruled to be ineligible for benefits on the ground that he was on his way home when his accident occurred; hence, his injuries did not arise out of or in the course of his employment.

Eagle applied to the Workers' Compensation Board for review of the WCLJ's decision (*see,* Workers' Compensation Law § 23). The Board accepted the appeal and then reversed the WCLJ's decision, ruling that claimant was employed as an "outside worker" who was entitled to "portal to portal" coverage, rendering him eligible for benefits. UTOG appealed the Board's decision to this Court. Before UTOG's appeal could be perfected, however, the full Board exercised its continuing jurisdiction and accepted the matter for review (*see,* Workers' Compensation Law § 123). The full Board rescinded the decision of the Board panel and then referred the case back to the Board panel for further consideration. Upon reconsideration, the Board panel determined that Eagle lacked standing to bring an appeal from the WCLJ's decision because, as a no-fault insurance carrier, it was not a party in interest in this matter under Workers' Compensation Law § 23. Accordingly, the Board affirmed the WCLJ's determination denying claimant benefits. Eagle appeals.

Inasmuch as the issue presented by this case is identical to those presented in the recently decided cases of *Matter of Rivera v BQN Car Serv. Corp.* (282 AD2d 805) and *Matter of Esposito v Petruzzi* (278 AD2d 698), we reverse the Board's decision for the reasons articulated in *Matter of Esposito v Petruzzi* (*supra*) and remit the matter to the Board for further proceedings.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.