A.B. Medical Services, PLLC, 
 LVOV Acupuncture, P.C. and RW Health plus Chiropractic, P.C., as Assignees 
 of Tremaine Jones, Appellants,
against
Motor Vehicle Accident Indemnification Corp., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 9, 2014. The order, insofar as appealed from as limited by the brief, denied the branch of plaintiffs' motion seeking excess attorney's fees pursuant to 11 NYCRR 65-4.6 (f).




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiffs appeal, as limited by their brief, from so much of an order of the Civil Court as denied the branch of plaintiffs' motion seeking excess attorney's fees pursuant to former 11 NYCRR 65-4.6 (f) (now 11 NYCRR 65-4.6 [e]), which allowed such fees in a no-fault action where "a court determines that the issues in dispute were of such a novel or unique nature as to require extraordinary skills or services."
Assuming without deciding that 11 NYCRR 65-4.6 (f), a no-fault regulation, could properly be applied to postjudgment enforcement litigation, such as that involved herein, we nonetheless agree with the Civil Court's finding that the issues in dispute here were not so novel or unique as to require extraordinary skills or services warranting attorney's fees in excess of those provided for in the no-fault regulations, regardless of the outcome obtained (see Maxwell v State Farm Mut. Auto. Ins. Co., 115 AD2d 190 [1985]; see also Dumlao v State Farm Ins. Co., 173 AD2d 517 [1991]; Arvatz v Empire Mut. Ins. Co., 171 AD2d 262 [1991]). The issue of whether the Civil Court had injunctive power under the circumstances presented was well settled in this Judicial Department (see Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; see also Tobin v Beaaro, Inc., 31 Misc 3d 127[A], 2011 NY Slip Op 50446[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Jiskra v Canesper, 21 Misc 3d 129[A], 2008 NY Slip Op 51968[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]), and the issue of whether a stay pending appeal was warranted depended on a plain reading of the text of a statute (CPLR 5519 [a]). Indeed, plaintiffs' counsel's own timesheets indicate that the attorneys involved spent less than two and a half hours on legal research on these allegedly "novel" issues.
Accordingly, the order, insofar as appealed from, is affirmed. 
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: May 15, 2017