Devine, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed April 14, 2016, which, among other things, ruled that Zurich American Insurance Company did not have standing to appeal the decision of the Workers’ Compensation Law Judge.
 

 Claimant, a truck driver, was injured in a motor vehicle accident and applied for workers’ compensation benefits, indicating that Eagle Systems, Inc. was his employer. An investigation determined that XL Specialty Insurance was Eagle Systems’ workers’ compensation carrier but, despite being put on notice of the claim, XL Specialty failed to appear at scheduled hearings. Zurich American Insurance Company was not the workers’ compensation carrier and was not on notice. Zurich nevertheless submitted a prehearing conference statement and appeared at a May 28, 2015 hearing to argue, among other things, that claimant was an independent contractor and was not entitled to workers’ compensation benefits. The Workers’ Compensation Law Judge (hereinafter WCLJ), noting the absence of XL Specialty and the lack of any claim directed against Zurich, found that claimant was an employee of Eagle Systems, that XL Specialty was the proper workers’ compensation carrier and that claimant sustained compensable work-related injuries. Zurich filed an application for Workers’ Compensation Board review, asserting that it would ultimately be liable for any workers’ compensation award due to a contingency liability policy purchased by Eagle Systems and, therefore, had standing to challenge the WCLJ’s decision. The Board disagreed and Zurich appeals.
 

 We affirm. An application for review to the Board may only be made by the parties to the claim (see Workers’ Compensation Law § 23) “who are normally the injured employee and the employer or his [or her] workers’ compensation carrier” (Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]). Zurich is not the workers’ compensation carrier, was not on notice in this proceeding and attempted to appear unbidden (cf. Matter of Esposito v Petruzzi, 278 AD2d 698, 700 [2000]). Zurich’s liability is not to claimant, but involves the contingency liability policy purchased by Eagle Systems, a contractual issue that is beyond the jurisdiction of the Board (see Employer: Circle Intl., 2013 WL 6218307, *2, 2013 NY Wrk Comp LEXIS 11869, *5 [Nov. 26, 2013, WCB No. 2982 3563]; Employer: Howard Johnson, 2012 WL 3631700, *2, 2012 NY Wrk Comp LEXIS 6514 [Aug. 16, 2012, WCB No. 0814 4439]). Zurich’s reliance on cases involving no-fault insurance carriers, who have a regulatory right to participate in similar circumstances, are inapplicable (see 11 NYCRR 65-3.19 [c] [2]; Matter of Esposito v Petruzzi, 278 AD2d at 700). In view of the foregoing, the Board’s determination that Zurich lacked standing to challenge the WCLJ’s decision will not be disturbed.
 

 McCarthy, J.R, Garry, Rose and Clark, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.