OPINION OF THE COURT
Per Curiam.
Final judgment entered on or about July 2, 1999 reversed, and new trial ordered, without costs.
*220 The threshold question raised at the trial of this nonpayment summary proceeding was whether tenant’s hotel unit is subject to rent stabilization coverage. In presenting the issue to the jury for resolution, the trial court correctly framed the appropriate inquiry as a monetary one — whether the “rent charged” for the unit was less than $350 per month or $88 per week on May 31, 1968 (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-506 [a]; see, Towers Hotel Investors Corp. v Davis, 54 AD2d 730, affd 42 NY2d 923). The record shows, however, that both the parties and the court misapprehended the burden of proof applicable to the coverage issue, with all concerned proceeding under the view that the evidentiary burden rested with the tenant, not the landlord, to establish the rental value of the hotel unit on the May 31, 1968 statutory base date, a view contrary to prevailing case law (see, Towne Assocs. v Hood, NYLJ, Dec. 26, 1984, at 10, col 5 [App Term, 1st Dept]; see also, Szer v Halpern, NYLJ, Dec. 23, 1996, at 33, col 5 [App Term, 1st Dept]). This fundamentally flawed approach was reflected in the litigation strategy of respective counsel, as well as the court’s jury instructions which squarely and erroneously placed the burden on the tenant to establish the “defense” of rent stabilization coverage by a “preponderance of the evidence.”
It is clear from the record that neither side presented any persuasive proof on the critical rental value issue. Indeed, the only competent evidence received at trial was documentation tending to show that the subject hotel unit rented for $50 per month in 1949 and $154 per week in 1998, with no showing whatsoever made of the rental value of this or other similarly situated hotel units at any point during the intervening half century.
On this state of the record, the jury’s finding of rent stabilization coverage was without a factual basis, and cannot be sustained. In the particular circumstances of this case, and in the interest of justice, a new trial is warranted to allow the parties a further opportunity to present evidence on the coverage issue and for resolution of the remaining contested rent issues not reached by the jury below.