[894 NYS2d 810]

ALPHONSE HOTEL CORP., Respondent, v DESTINY ROSEBOOM, Appellant.

Supreme Court, Appellate Term, First Department, December 18, 2009

**APPEARANCES OF COUNSEL**

*Destiny Roseboom*, appellant pro se. *Calabro & Associates, P.C.*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Order, dated October 3, 2008, reversed, without costs, and landlord's motion for summary judgment is denied.

The proper resolution of this nonpayment summary proceeding, and tenant's rent overcharge counterclaim, rests upon whether the demised hotel unit is subject to rent stabilization coverage, a question which, in turn, hinges on whether the "rent charged" for the unit was $350 or less per month or $88 or less per week on May 31, 1968 (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-506 [a]; *see Towers Hotel Invs. Corp. v Davis*, 54 AD2d 730 [1976], *affd* 42 NY2d 923 [1977]). In moving for summary judgment, petitioner landlord failed to submit evidence sufficient to establish as a matter of law the deregulated status of the hotel unit. The sparse documentation relied upon by landlord, including the 1968 edition of the national "Hotel & Motel Red Book" indicating that single-occupancy rates for any of the 700 units in the subject hotel premises ranged from between $11 to $14 per day at that time, fell short of meeting landlord's initial burden to establish prima facie that the rental value of tenant's unit exceeded the applicable monetary floor on the statutory base date. Significantly, the $11 minimum daily rate referenced in the 1968 red book, projected over a weekly or monthly rental, serves to undermine landlord's litigation position.

Nor should collateral estoppel effect be given to a jury finding of no stabilization coverage, made in connection with a prior eviction proceeding brought against another tenant of a different unit located on the same floor of the hotel premises. By virtue of her status as a nonparty in the earlier eviction proceeding, tenant was not afforded "a full and fair opportunity to contest the [determination] now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]; *see Liss v Trans Auto Sys.*, 68 NY2d 15 [1986]).

We note that upon the trial of this matter the landlord, not tenant, will bear the evidentiary burden to establish the 1968 rental value of the hotel unit (*see Alphonse Hotel Corp. v Fusco*, 189 Misc 2d 219 [2001]).

McKEON, P.J., SCHOENFELD and HEITLER, JJ., concur.